ANDREWS v. HUGHES. (No. 2631.)*

(Court of Civil Appeals of Texas. Amarillo. March 17, 1926. Rehearing Denied April 14, 1926.)

1. Bills and notes ⬅347.

One taking note after maturity is not an innocent purchaser.

2. Bills and notes ⬅517, 518(1) — Evidence held sufficient to justify finding of jury that note was based on valuable consideration and executed by apparent maker.

Evidence held sufficient to support finding of jury that note was based on valuable consideration, to wit, $10,000 in money, and executed by apparent maker.

3. Bills and notes ⬅517, 518(1) — Evidence held sufficient to warrant trial court, acting without a jury, to find that notes were not notes of apparent maker, and were not based on any consideration.

Evidence held sufficient to warrant trial court, acting without a jury, to find that notes were not the notes of the apparent maker, and were not based on any consideration.

4. Appeal and error ⬅1001(1).

The verdict or finding of a jury will not be disturbed, if there is evidence to support it.

5. Appeal and error ⬅930(3)—Trial court is presumed to have made every finding authorized by evidence necessary to support judgment, where no issue was submitted to jury and none requested.

Trial court is presumed to have made every finding authorized by the evidence necessary to support the judgment, where no issue was submitted to the jury and none requested.

6. Compromise and settlement ⬅23(3).

Jury's finding there was no settlement of indebtedness between the holders of notes held supported by the evidence.

Appeal from District Court, Hansford County; W. R. Ewing, Judge.

Suit by S. P. Hughes against Edna F. Andrews, as executor and individually. Judgment against defendant as executor and in favor of defendant individually. From the judgment against her as executor, defendant appeals. Affirmed.

Ross Rizley and W. G. Hughes, both of Guymon, Okl., and H. E. Hoover, of Canadian, for appellant.

McLaury & Hoops, of Oklahoma City, Okl., Sidney M. Swearingen, of Spearman, and Frank Willis, of Canadian, for appellee.

RANDOLPH, J. S. P. Hughes brought this suit against Edna F. Andrews, individually, and against her as executor of the estate of B. V. Andrews, deceased. Judgment was rendered on the trial of the case in favor of the plaintiff against Mrs. Andrews as executor and in favor of Mrs. Andrews individually. The judgment against Mrs. Andrews as executor has been appealed from by her, but as to the judgment in her favor no appeal was taken, and no question involving such judgment is before this court; hence that branch of the case will be no further considered by us.

Plaintiff's suit was based on a note for the sum of $10,000, dated August 11, 1923, due June 12, 1924, signed by B. V. Andrews and Mrs. Andrews, and payable to the order of L. B. Hughes, who is alleged to be also known as L. L. Hughes. Plaintiff further alleges the transfer in writing of said note to him by the said L. B. Hughes before maturity.

Defendant Mrs. Andrews, as executor, filed her first amended original answer, which consists of a general denial and special answer admitting the execution of the note sued on to L. B. Hughes, but alleging the invalidity of the same because it was given without consideration, which want of consideration was well known to said L. B. Hughes at the time of its execution and delivery and, also, that the plaintiff at the time he pretended to

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction June 9, 1926.

purchase same had full knowledge of the want of consideration; denying plaintiff's ownership of said note; that said note was transferred to the plaintiff after maturity for the purpose of cheating and defrauding the estate; that, since the execution and delivery of said note, the plaintiff fraudulently and willfully made a material change in said note, by changing the date of same from August 1, 1923, to August 11, 1923, and defendant believes and charges that such change was made because on August 11, 1923, after the execution and delivery of the note, she (the executor) then the wife of B. V. Andrews, who was then living, made a complete settlement of indebtedness between B. V. Andrews and the said L. B. Hughes, and paid on that day the sum of $2,379.27; that same was paid by check of that date, and was in full of all balance of money borrowed, and was intended to be and was accepted by L. B. Hughes as a full and complete settlement of all matters and business obligations between him and said Andrews, deceased; that said note was given as an offset and as a precautionary measure against a note for $11,550, given by L. L. Hughes (L. B.) to B. V. Andrews, dated June 11, 1923, and due one year after date; that said note was given, as "defendant is informed and believes and so charges as true, for the purpose of, showing an indebtedness from the said L. L. Hughes to B. V. Andrews as a partial offset against said note on June 18, 1923, there being no real consideration for the execution and delivery of the note; that after the death of B. V. Andrews the said L. B. Hughes and S. P. Hughes, the plaintiff, well knowing that the testimony of B. V. Andrews as to the understanding and agreement between him and L. B. Hughes was lost by reason of the death of the said B. V. Andrews, confederated and conspired together for the purpose of cheating and defrauding said estate by changing the date upon said note, pretended that it was transferred to the plaintiff before maturity, and that the same would thereby become a valid and binding obligation in his hands, and was done for the sole purpose, as hereinbefore stated, of cheating and defrauding the estate." Defendant further pleads that, in the event she be mistaken in the matters set out, then that said plaintiff is not the owner and holder of said note in due course, for value, and that said note is therefore subject to all the defenses in the hands of the plaintiff as the same would be in the hands of L. L. Hughes.

Plaintiff, by supplemental petition, excepts generally to defendant's answer, and specifically denies each allegation of such answer, setting out fully the facts of each transaction, and by sworn plea denies the execution of the $11,550 note and the $1,622 note.

The trial court submitted the case to the jury upon special issues, in answer to three of which issues the jury found: (1) That B. V. Andrews received $10,000 from L. B. Hughes in consideration of the $10,000 note; (2) that at the time the note was delivered by L. L. Hughes to the plaintiff the note had matured; (3) that such note at the time it was delivered to L. L. Hughes bore date August 11, 1923. The fourth issue, Was the transfer of the note by L. L. Hughes to plaintiff for a valuable consideration? was not answered by the jury. The court also submitted to the jury two specially requested special issues tendered by the defendant as to the good faith of the transaction. These the jury answered favorably to the good faith of the transaction.

[1] The question of innocent purchaser having been eliminated by the finding of the jury that the note was transferred to the plaintiff after maturity, we will discuss the questions we hereinafter consider as though the note was in the hands of the payee, L. B. Hughes.

[2] The paramount questions in the case are: Did the evidence justify the finding of the jury that the note sued on was based upon a valuable consideration, and was it executed by B. V. Andrews? and (2) Was the note for $11,550 based upon a valuable consideration, and was it executed by the said L. L. Hughes?

As to the note sued on, the evidence shows that B. V. Andrews and L. L. Hughes were rather intimately associated in business, and had many transactions together. It is shown by the witness McClellan that, when Andrews was under the necessity of making a financial statement in the matter of securing a loan on his land, Andrews said he owed one man $10,000 which he did not want to make public, but did not name the party to whom he owed it.

Carson, the cashier of the bank at Spearman, testifies that Andrews was vice president of the bank and also a customer of said bank, and that L. B. Hughes was also a customer of same; that Andrews spoke to him about making a loan from L. L. Hughes, and asked if the bank would have any objections, he knowing that the bank had it on deposit and was using it. On ascertaining that the bank did not object, Andrews drew up a note for $10,000 and borrowed the $10,000 from L. L. Hughes, this within the witness' knowledge.

This evidence amply supports the finding of the jury that the note was based upon a valuable consideration, to wit, $10,000 in money.

As to the $11,550, no issue was submitted to the jury, and none requested to be submitted to them, hence we must presume that the trial court found every issue warranted by the evidence, necessary to support the judgment.

[3] The evidence upon the questions of the execution and consideration of the note for

$11,550 and the note for $1,622.85 is exceedingly unsatisfactory to the establishment of its being a valid note. In going over Mr. Andrews' papers after his death, Mrs. Andrews claims to have found these notes. She had never seen them before, and did not know they were in existence. No transaction is shown in which these notes could have originated. It is true that Mrs. Andrews' son, stepson of Mr. Andrews, testifies that, while he was at work in Mr. Andrews' store on one occasion, he saw L. L. Hughes sign a note for $11,550, but does not know what the note was for, or the reason of its execution. L. L. Hughes testifies that he never executed the two last-named notes. He could not write, and for the purpose of making his signature he had a rubber stamp made. It is shown by the plaintiff's evidence, which the court was privileged to believe, that this stamp had been in the possession of Mr. Andrews at one time, and in that of Mrs. Andrews at another. Mrs. Andrews testifies that she made no claim that her husband or herself ever received any consideration for the note of $1,622.85 or the note for $11,550, which were produced under the same circumstances, but she does claim that the whole of the transactions involving all three of the notes was a simulated matter, intended to cover up the property of L. L. Hughes from his wife.

The evidence clearly warranted the trial court in finding, as we must presume he did, that the note for $11,550 and the note for $1,622.85 were not the notes of L. L. Hughes, and that they were not based on any consideration. This in answer to plaintiff's plea of non est factum.

[4] That the verdict or finding of a jury will not be disturbed if there is evidence to support it, see Mansfield v. Rigsby (Tex. Civ. App.) 273 S. W. 290; Central Coal & Coke Co. v. Lockhart, 256 S. W. 37, 161 Ark. 97; Martin v. Ward, 256 S. W. 49.[1].

[5] That no issue having been submitted to the jury and none requested, it will be presumed that the trial court made every finding authorized by the evidence necessary to support the judgment, see Southern, etc., Oil Co. v. Wallace, 54 S. W. 638, 23 Tex. Civ. App. 12; State Nat. Loan, etc., v. Fuller, 63 S. W. 552, 26 Tex. Civ. App. 318; Pearce v. Bell, 21 Tex. 688; Kelley v. Ward, 60 S. W. 311, 94 Tex. 289; McMahon v. Kirby (Tex. Civ. App.) 256 S. W. 622.

[6] As to the defendant's plea of settlement of all indebtedness, the jury found against her contention, and their verdict is supported by the evidence. Matters of indebtedness existing between L. L. Hughes and B. V. Andrews were shown to have existed upon which the payment of the check claimed by her to be in full settlement of all indebtedness could have been applied independent of the indebtedness on the $10,000 note.

The trial court did not err in overruling the general exceptions and special exceptions.

Finding no reversible error, we affirm the trial court's judgment.