## HOSKINS v. CARPENTER.

### No. 4484.

Court of Civil Appeals of Texas. El Paso.

Jan. 9, 1947.

Rehearing Denied Jan. 30, 1947.

Fred C. Knollenberg, Holvey Williams and Harold L. Sims, all of El Paso, for appellant.

Jones, Hardie, Grambling & Howell, of El Paso, for appellee.

PRICE, Chief Justice.

This is an appeal by Betty Hoskins, hereinafter designated as appellant, from the judgment of a District Court of El Paso County, 41st Judicial District, in a suit wherein she was plaintiff and A. B. Carpenter individually and as executor of the estate of Alta J. Keohane Hoardley, deceased, was defendant. The trial was to the court with a jury, submission by special issues, and judgment was rendered thereon in favor of appellant in the sum of $1,000.

Appellant alleged in substance that on or about September 18, 1943, she entered into a contract with Alta J. Keohane, then a single woman, in substance that appellant was to care for, nurse and act as companion of said Mrs. Keohane and to live with her if desired, and the said Mrs. Keohane was for such services to pay her the sum of $500 per month; that after the making of said contract Mrs. Keohane married a man by the name of Hoardley and thereafter she died on the 18th day of March, 1945. Appellant averred faithfully performing such contract from the date thereof to the date of Mrs. Hoardley's death. It was averred that nothing had been paid on said contract. Recovery was sought on such contract in the sum of $9,000. In the alternative she sued upon a quantum meruit for the recovery of a reasonable sum for her services. Appellant also sought to recover of appellee executor a certain automobile alleged to be of the value of $1,500, which said appellee was alleged to have converted, under the claim that same was the property of the estate of Mrs. Hoardley. Recovery was likewise sought for the value of two diamond rings alleged to be of the value of $1,500 which appellee was alleged to have converted, likewise the recovery of the value of certain household furnishings alleged to be worth $500. As to the jewelry and household furnishings, before the case was submitted to the jury appellant took a nonsuit without prejudice.

Appellee's answer consisted of a general denial, and as to the personal property he was alleged to have converted, averred he

had taken possession thereof in his capacity of executor of the estate of Mrs. Hoardley, and in pursuance of an order of the probate court delivered same to B. M. Keohane, guardian of the estates of Bernard P. Keohane and Marianne Keohane, minor children of Mrs. Hoardley.

An issue was submitted to the jury as to whether or not the contract alleged was entered into between appellant and Mrs. Hoardley. This was answered in the negative. On the question of quantum meruit the verdict found in favor of appellant in the sum of $1,000, likewise it was found that on or about March 11, 1945, Mrs. Hoardley delivered to appellant the certificate of title and keys to the automobile in question; that she did not deliver same with the intent to vest title in appellant.

It is thought that to present and dispose of the points of error urged by appellant the substance only of the points need be stated. It is urged the refusal of the court to instruct a verdict in her favor in the sum of $9,000 on the grounds that the undisputed evidence established the contract and the performance thereof by appellant demands the reversal and rendition of the case, as does the failure of the court to set aside the finding as to the existence of express contract sued on; in the alternative that the verdict finding in favor of appellee on the issue of the existence of the contract was against the overwhelming preponderance of the evidence, and the court erred in refusing to grant a new trial. Error is also urged as to the admission and rejection of evidence and the court's overruling two certain special exceptions urged by appellant.

■ In substance the special exceptions assail appellee's answer as to the delivery of the personal property to the guardian of Mrs. Hoardley's minor children, in pursuance of the order of the County Court. No error is presented in the ruling as to the jewelry and furniture, as these were dismissed out of the suit. Her only claim to the automobile under the evidence was by virtue of an admitted gift by Mrs. Hoardley to her. As stated, the verdict established Mrs. Hoardley did deliver the keys and certificate of title of the automo-

bile on March 11, 1945. On the reverse side of the certificate there is a purported assignment to appellant on a form we presume prescribed by the State Highway Commission. This purported assignment is signed "Alta J. Keohane" but is not sworn to by her. Presented is the question of whether the delivery of the keys and the unsworn assignment vested title to and the right of possession of the automobile in appellant. This transaction being a gift, appellant is not entitled to enforce same if it was executory in any particular. 21 Tex. Jur. p. 30, par. 10. See also p. 34, par. 115.

■ The attempted transfer of this automobile was a "subsequent sale" of the automobile in question, within the meaning of Section 8, Certificate of Title Act, Vernon's Annotated Penal Code, Article 1436—1. Section 33 of the above-cited Article of the Penal Code provides in substance that no title passes unless the certificate is transferred before a Notary Public. This transfer was not before a Notary Public, hence it is thought elementary that title to the automobile did not pass. Mrs. Hoardley being under no legal obligation to transfer the title, appellant acquired no rights in the vehicle. It was an unexecuted gift. This is true even though by the delivery of the keys and certificate Mrs. Hoardley had intended to convey the title to appellant. The verdict, however, was that she did not so intend.

■■ As a matter of law the evidence amounted to proof that appellant had no interest in the automobile. This being true, if it was error for the court to overrule appellant's special exception, it was harmless error. Golden v. Odiorne, 112 Tex. 544, 249 S.W. 822. Likewise it is thought there is no merit in the complaint as to admission in evidence of the orders of the probate court relative to the delivery of the car and personal property to the guardian of the minors.

The verdict and judgment thereon relative to the alleged express contract is assailed on the ground that the court erred in refusing to instruct the verdict in favor of appellant; likewise erred in refusing to sustain her motion to disregard the finding of the jury and enter judgment in her favor non obstante veredicto. In the alternative

it is alleged that the portion of the verdict as to the express contract was against the great preponderance of evidence.

▮ It is elementary that the burden of proof as to such contract was upon the appellant. Appellant relies largely upon admissions on the part of Mrs. Hoardley, or more correctly perhaps, her declaration against interest, to establish the express contract. Mrs. Plyler and Mrs. Johnson each testified that Mrs. Hoardley had on several occasions told her that she had employed appellant to care for her and to keep her out of jail, and was to pay her $500 a month therefor. Each testified that appellant had performed many services for Mrs. Hoardley during the time Mrs. Hoardley was in El Paso, and that for five months that she was absent, appellant cared for her house. Baxter Brashears testified along the same general line as to the declarations or admissions of Mrs. Hoardley.

It appears from the testimony of each of the above witnesses that Mrs. Hoardley had an addiction to the use of liquor. This addiction was to the extent she was frequently helplessly drunk. Part of the services performed by appellant was furnishing her with liquor, and caring for her when she became intoxicated. There is testimony from which it might be inferred that appellant catered to other unfortunate weaknesses of Mrs. Hoardley.

During all or practically all of the time appellant was employed as a driver of a truck for a cleaning establishment in the city of El Paso. This occupied her time from about 9 a. m. to 6 p. m. Mrs. Hoardley frequently rode on this truck with her. Appellant's compensation for driving the truck was $18 to $21 per week. In addition she received a bonus, or allotment from the United States. Mrs. Hoardley admittedly never paid her anything during the eighteen months the contract was alleged to have been in force. During this time Mrs. Hoardley drew numerous checks in favor of appellant, the proceeds of which were used for the benefit of Mrs. Hoardley. During this time Mrs. Hoardley married, and for about five months was absent from El Paso, during which time appellant cared for her house.

As for the witness Baxter Brashears, the jury had ample ground to disregard his testimony, although same was uncontradicted. Mrs. Plyler and Mrs. Johnson are uncontradicted. No witness testifies that Mrs. Hoardley did not make the statements testified to by each witness. There is no evidence that any witness could so testify. There is nothing in the record to reflect on the character of either witness.

▮ Appellant relies to establish the contract on the declarations made by the deceased against her interest. These declarations are corroborated to an extent by the performance of services by appellant for the deceased. On the other hand, the sum agreed to be paid for the services rendered seems to be rather large. No payments thereon were made during the entire time, though the alleged agreed compensation was at the rate of $500 per month, no evidence of any demand on her part for payment. It is thought that the jury might have believed every word of the testimony of Mrs. Plyler and Mrs. Johnson, and even of Baxter Brashears, and still be warranted in finding that the contract was never made. The deceased was not a normal woman in that she was addicted to the intemperate use of liquor. The jury may have been warranted in believing that these statements were maudlin vaporings, the result of intoxication or the after-effects thereof. The deceased, according to the testimony, seems to have been haunted with a fear of being incarcerated in jail. Part of appellant's services consisted of keeping her out of jail.

Her declarations against interest, or admissions, may have been considered vain boastings, or the result of sentimentality aroused by the overindulgence in liquor.

Under the evidence an issue is raised as to the existence of the contract. 41 Tex. Jur. pp. 939, 940, pars. 169, 170; Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725; LeMaster v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224.

▮ Authorities might be multiplied on the proposition where there are circumstances tending to contradict the testimony of witnesses the issue is for the jury. It is only where the uncontradicted tes-

timony together with the circumstances admit of but one conclusion that an issue is established as a matter of law. By the same token, the verdict was not against a preponderance of the evidence.

The fifth point of error is the overruling of appellant's objection to the admission of certain checks in evidence. These twenty-three checks with the exception of one are all signed by Alta J. Keohane and payable to appellant's order, and bear her endorsement save the excepted check, and aggregate about $1,600. The excepted check is in the sum of $500, payable to cash, and bears the endorsement of Pat Keohane, the son of the deceased. These checks were mostly, if not all, cashed by Joe Miller, the employer of appellant. Appellant testified she used none of the money for herself, the checks bear date during 1944. The objection urged was that same were immaterial, there was nothing marked on the checks to connect them with any material issue in the case; that there was no evidence they were given in payment of salary. The objection amounted, we think, to no more than that the evidence was immaterial. There was no evidence of payment on the contract alleged. The defense was that no such contract was ever made. However, the objection that the testimony was immaterial was very general.

Appellant cites in support of this assignment, rules requiring the special pleading of defense of payment, and likewise cases to that effect. It is elementary that in order to introduce evidence by the defense of payment, such defense must be pleaded. Appellant did not object to the reception of these checks in evidence on the ground that the defense of payment was not plead, the objection was too general. Texas Law of Evidence, McCormick & Ray, p. 21, par. 16; Padgitt Bros. Co. v. Dorsey, Tex.Civ.App., 206 S.W. 851; McEwen v. Texas & P. R. Co., Tex.Civ.App., 92 S.W.2d 308, and authorities cited.

While appellee Carpenter was on the stand, in response to question by appellant's counsel he stated he knew the value of the estate of the deceased. He was then asked what was the value of her estate. The court sustained the objection of appellee's counsel to the question; appellant excepted to the ruling. While Baxter Brashears, one of appellant's witnesses, was on the stand he was asked if the deceased had ever said anything to him about her property and how she got her start, to which he stated "She did." He was then asked to state what she said. Objection was interposed and sustained.

In view of the rather unusual amount of compensation provided for in the contract, it is thought evidence of the financial condition of Mrs. Hoardley at or about the time might have perhaps been admissible. However, there is a fatal defect in appellant's bill of exceptions in that it does not show the answer expected to be elicited from either witness. Texas Law of Evidence, McCormick & Ray, p. 25, par. 20; Maculey v. Harris, 71 Tex. 639, 9 S.W. 679; Shippers Compress & Warehouse Co. v. Davidson, 35 Tex.Civ.App. 558, 80 S.W. 1032, loc. cit. 1036; Martinez v. Pena, Tex. Civ.App., 139 S.W.2d 337, loc. cit. 339 (writ dismissed).

It is true that appellee was an adverse witness, but he had testified to no facts material to the existence or nonexistence of the contract relied upon. It was not the cross-examination, but the introduction of direct evidence. Granted had appellant been able to show the deceased was very wealthy and able to gratify her every whim might have been a circumstance to consider in connection with the other testimony relative to the existence of the contract alleged. The authorities seem to be divided on this point. In the absence of some showing or about as to what the testimony would have been, the holding that appellant suffered injury by the ruling of the court would be based on pure speculation and conjecture. In so far as this record goes the deceased might have been wealthy or she may have been insolvent.

We find no reversible error in the case and the judgment is affirmed.