**A. H. MILLER, Appellant,**

v.

**Frank PELLIZZARI, Appellee.**

**No. 3592.**

Court of Civil Appeals of Texas.

, Eastland.

Dec. 2, 1960.

Rehearing Denied Jan. 13, 1961.

Harrell & Thompson, L. H. Welch, Breckenridge, for appellant.

C. J. O'Connor, Breckenridge, C. O. Mc-Millan, Stephenville, for appellee.

COLLINGS, Justice.

A. H. Miller brought suit against Frank Pellizzari to establish a parol easement over and across the property of Pellizzari for a passageway and stairway and for a permanent injunction to restrain defendant from removing the stairway. The case was tried before a jury and, based upon the verdict, judgment was rendered for the defendant. A. H. Miller has appealed.

Appellant Miller as plaintiff alleged in substance that in 1919 the land now belonging to Pellizzari was owned by J. M. Ward and that the adjoining property, now belonging to appellant, was owned by C. M. Caldwell; that at the time there was a one story building on each of the lots and both Ward and Caldwell contemplated the construction of a second story on their buildings; that said parties entered into an oral agreement that Caldwell would build a stairway over and across the property of Ward along the east line thereof and adjoining Caldwell's property, the stairway to be erected by Caldwell at his sole cost and expense, to provide ingress and egress to the second floor of both buildings and to be jointly and permanently used by both parties and their heirs and assigns. It was alleged that Caldwell, as further consideration for the easement agreed to pay the cost of extending the party wall between the buildings to a height sufficient to accommodate the second floor of both buildings. Appellant alleged that Caldwell fully complied with the agreement; that at his own expense he constructed the stairway, extended the party wall as agreed, and that ever since Caldwell and his assigns have claimed, occupied and used the stairway without hinderance or adverse claim and have continuously maintained same.

The jury found that during the year 1919 C. M. Caldwell and J. M. Ward did not enter into the alleged agreement, that Caldwell did not comply with the alleged agreement to construct the wall and stairway, that Caldwell and his tenants went into possession of the stairway at its completion, have had uninterrupted use and enjoyment of the stairway at all times since until it was sold to Miller in 1946, and that Miller and his tenants have had uninterrupted use and enjoyment of the stairway since he purchased the building from Caldwell. The jury further found that neither Miller nor his predecessor Caldwell erected valuable permanent improvements or made substantial repairs with the knowledge of appellee and his predecessors in title.

Appellant contends in numerous points that the uncontradicted evidence shows that Ward did grant Caldwell the easement in controversy, that Caldwell did comply with his agreement to construct the stairway and wall at his own expense, and that Caldwell and Miller with Ward's knowledge and consent did make valuable improvements thereon; that the court erred in overruling appellant's motion for an instructed verdict, erred in overruling appellant's motion for judgment non obstante veredicto and erred in overruling appellant's motion for a new trial because there was no evidence of probative force to support said answers and findings of the jury.

C. M. Caldwell testified substantially to the facts alleged in appellant's petition. He testified that he and Ward owned the respective buildings in 1919, that both were one-story buildings and that the parties had been talking about putting another story on their buildings. Caldwell testified that he and Ward "agreed * * * that I could put the stairway on his side of the building,— that I was to build it and we could have joint use of it, and I built the stairway and paid for it." Caldwell also testified that in accordance with their agreement at his own expense he caused to be erected a common wall which was used by the owners of the Ward building in adding a second story to that building. The evidence shows that the wall between the Ward building and the Caldwell building is wholly situated on the Ward lot.

The question presented is not whether the evidence would have supported findings that Caldwell and Ward entered into the alleged agreement and that Caldwell fully complied therewith. The question is whether such facts were shown conclusively. In our opinion, Caldwell's testimony in this respect is not conclusive, in spite of the fact that it was not positively contradicted. In the first place, J. M. Ward, the other party to the alleged agreement, is deceased, and there was no witness other than Caldwell who could testify concerning

it. The alleged agreement occurred about forty years prior to the time of the trial and the correctness of Caldwell's testimony was dependent upon the accuracy of the memory of the witness. His testimony, considered as a whole and in connection with other facts and circumstances in evidence, was not of such a clear and positive character as to establish its correctness as a matter of law. It was not free of inconsistencies. There were facts and circumstances which tended to contradict it. The witness Evans testified that it was his best recollection that before the second story was added to the Caldwell building there was already a second story on the Ward building. There was other evidence which corroborated Evans' recollection. There was testimony concerning markings on the wall two or three feet south of the present stairway in the Ward building. One witness, an experienced contractor, testified that an examination of these markings convinced him that there had been such a previous stairway. This would indicate the existence of a second floor on that building prior to the construction of the stairway in 1919. There was also evidence tending to show that at some time in the past there was a window or windows in the common second story wall. The building of windows in a common wall between two buildings seems improbable. All of this testimony is inconsistent with Caldwell's testimony that, as a part of the consideration for the easement, he agreed to build and did at his own cost build the common second story wall between the buildings. In Hoskins v. Carpenter, Tex.Civ. App., 201 S.W.2d 606, 609 (Ref.N.R.E.), it is stated as follows:

"It is only where the uncontradicted testimony together with the circumstances admit of but one conclusion that an issue is established as a matter of law."

In the instant case there were facts and circumstances and testimony inconsistent with and which tended to contradict the testimony of the witness Caldwell. The evidence did not conclusively show either that Ward granted to Caldwell the easement in question, or that Caldwell complied with the alleged agreement to construct both the stairway and wall at his own expense. It did no more than raise fact issues for jury determination. 45 Tex.Jur. 281. Appellant's points urging that Caldwell's testimony did conclusively establish such facts and that the court erred in overruling his motions for an instructed verdict, for judgment non obstante veredicto and for a new trial are overruled. We also overrule the points urging that the evidence was insufficient to support such findings, and that the findings are against the great weight and preponderance of the evidence.

Appellant claimed title to the easement by adverse possession for a period of ten years. It was found by the jury that appellant and his predecessor had not had peaceable and adverse possession for any consecutive ten year period. Appellant contends that the undisputed evidence shows that he and his predecessor in title had peaceable, adverse and exclusive use of the disputed stairway for a period of twenty years before appellee acquired title to the Ward building on June 2, 1958; that Ward and his heirs made no use of the upper floor of their building after 1938, and therefore made no use of the stairway during that period. He contends that in view of the open, exclusive, continuous and uninterrupted use by him and his predecessor, a presumption arises in the absence of any other explanation that the use was adverse and made under a claim of right; that the burden was upon appellee to show that appellant's use was permissive, and that since appellee failed to discharge that burden, appellant's use of the stairway was, as a matter of law, adverse. We cannot agree with appellant's contention. The testimony of Caldwell was that he used the stairway continuously after it was completed until he sold his building to appellant Miller in 1945. Miller testified that he and his tenants used the stairway from the time he purchased the building until suit was brought in 1959 and that during all;

that time he claimed the stairway belonged to him. Contrary to appellant's contention, the evidence does not conclusively show that appellant and his predecessor had exclusive use of the stairway during the claimed limitation period. Pellizzari, who had the first floor rented, and his son sometimes used the second floor as a storage place, and in connection therewith used the stairway. This evidence, considered in connection with the surrounding facts and circumstances, did no more than present an issue of fact on the question of appellant's adverse use of the property.

In 28 C.J.S. Easements § 10, p. 645, it is stated as follows:

"The use and enjoyment which will give title by prescription to an easement or other incorporeal right is substantially the same in quality and characteristics as the adverse possession which will give title to real estate."

In the same volume of C.J.S. § 71, at pages 748 and 749 it is stated:

"Where an easement is claimed by prescription, the questions whether the character of its use has been adverse or permissive, under a claim of right, continuous for the full prescriptive period, and whether a prescriptive right has in fact been acquired by such use, are questions of fact for the jury under proper instructions from the court as to the nature of adverse possession, unless the proof and inferences are all one way * * *."

■ Appellant's theory of the case and the evidence relied upon by him was to the effect that the original entry and the use of stairway by Caldwell was with the consent of Ward under an agreement by which Caldwell was granted an easement. The jury found against appellant's claim that Caldwell had been granted an easement, and this leaves the question as to the nature and character of Caldwell's original use of the stairway, whether it was adverse, or with the consent and permission of Ward. Apparently, the original use was permissive. In any event the evidence does not conclusively show that Caldwell's use of the stairway at its inception was adverse. At most it does no more than raise a fact issue. One of the material facts to be considered in connection with the nature of the original use by Caldwell was that Ward was an uncle of his wife and the relationship between them was consistent with the close family tie. If a use is permissive, and not adverse, it cannot be the basis of an easement regardless of how long it may continue. An original permissive use may later become adverse, but the presumption is that there is a continuation of the permissive use. As stated in 28 C.J.S. Easements § 14, p. 656:

"* * * If a use begins as a permissive use it is presumed to continue as such, and in order to transform it into an adverse one there must be a distinct and positive assertion of a right hostile to the rights of the owner, and such assertion must be brought to the attention of the owner * * *; and the rule is not affected by the fact that the privilege is claimed by successors in interest of the party to whom the permissive use was originally given."

■ Since the evidence does not conclusively show that Caldwell's original use of the stairway was adverse, and does not show any subsequent distinct and positive assertion by either Caldwell or appellant of a right hostile to the rights of the owner, brought to the attention of the owner, the trial court did not err in submitting the matter of limitation to the jury and did not err in refusing to grant appellant's motion for judgment non obstante veredicto. Long and uninterrupted use of an easement by permission does not constitute adverse use. Contrary to appellant's contention there was ample evidence to support the findings of the jury on the issue of limitation and the finding was not against the great weight and preponderance of the evidence.

The judgment of the trial court is affirmed.