**W. B. RUST, Appellant,**

**v.**

**Iris ENGLEDOW, Appellee.**

**No. 4083.**

Court of Civil Appeals of Texas.

Waco.

May 16, 1963.

Rehearing Denied June 6, 1963.

John A. James, Jr., Cleburne, for appellant.

Anderson & Anderson, Cleburne, for appellee.

McDONALD, Chief Justice.

· This case was filed by Rust against Engledow, seeking a mandatory injunction requiring defendant to remove a fence erected on the line between plaintiff's and defendant's property, and in the center of an existing driveway. Plaintiff contends that the driveway between plaintiff's and defendant's houses, and partly on plaintiff's property and partly on defendant's property, is a joint driveway, and that plaintiff has acquired a private easement by prescription, over that portion of the driveway on defendant's property, by virtue of adverse use by plaintiff's predecessors in title, for some 30 years. The following schematic diagram illustrates the factual situation.

Trial was before the court without a jury, which after hearing, entered judgment that plaintiff take nothing; quieted defendant's title to that portion of the

driveway located on her property; and enjoined plaintiff from driving across that portion of the driveway on defendant's property.

The Trial Court filed Findings of Fact and Conclusions of Law, pertinent portions of which are summarized as follows:

## FINDINGS OF FACT

1) Plaintiff owns lot 9.

2) Defendant owns lot 10.

3) The land owned by plaintiff joins and is immediately south of the land owned by defendant.

4) There is a way of ingress and egress from North Walnut Street to plaintiff's garage.

5) Defendant's driveway extends from North Walnut Street and across defendant's property to defendant's garage, which driveway is parallel to and just north of the south line of defendant's property.

6) Plaintiff's predecessors in title have used the driveway on plaintiff's property since the establishment of said driveway, and defendant and defendant's predecessors in title have used the driveway located on defendant's property since the establishment of said driveway.

7) Any use of defendant's driveway or a portion thereof located on defendant's property, by plaintiff and plaintiff's predecessors in title, was not under any claim or right, nor was such use by plaintiff and plaintiff's predecessors in title continuous, notorious, open, visible, hostile or adverse toward or against defendant or her predecessors in title.

8) The use by plaintiff and plaintiff's predecessors in title of any portion of defendant's driveway has been in common with defendant and defendant's predecessors in title and has been consistent with the use of said driveway by defendant and defendant's predecessors in title.

9) The fence erected by defendant is wholly on defendant's property.

10) Jim Smith, who owned the property now owned by plaintiff from 1923 to 1939, never asserted any right to drive over any property north of plaintiff's line; nor did H. W. English, who owned plaintiff's property from 1939 to 1950, assert any claim of right to any of the property now owned by defendant; nor did H. D. Germany, who owned plaintiff's property from 1950 to 1951, claim to have a right to use defendant's property; nor did Joseph Smith, who owned plaintiff's property from 1951 to 1959, ever assert any right to use any of the property now owned by defendant.

11) Neither defendant nor defendant's predecessors in title had any notice of any adverse claim by plaintiff or plaintiff's predecessors in title.

12) Plaintiff's tenants, since 1962, have been driving and parking their car on defendant's driveway and property in such a manner as to interfere with and obstruct the use of defendant's driveway.

13) Permission was never requested by plaintiff or plaintiff's predecessors in title, to use that portion of the driveway on defendant's property. Defendant and her predecessors in title did grant permission for the use of the driveway.

## CONCLUSIONS OF LAW

I conclude the plaintiff Rust does not have an easement by prescription or a prescriptive right of the driveway in question, upon, over and across the property of the defendant Engledow.

Plaintiff appeals, contending:

1) The Trial Court erred in finding that there were 2 driveways, one on the Rust property, and the other on the Engledow property.

2) The Trial Court erred in finding that permission was granted by defendant and

her predecessors in title to plaintiff and his predecessors in title to use the driveway in question.

3) The Trial Court erred in denying plaintiff an easement by prescriptive right over that portion of the driveway located on defendant's property.

The dominant issue in this case is whether plaintiff and his predecessors in title acquired an easement by prescription over the driveway located on defendant's property by adverse use. (Whether there are two driveways or one is actually immaterial. However, the record reflects that there is sufficient room for plaintiff to get his car in his garage, staying on his own property).

The record reflects that the driveway (or driveways) came into being sometime after 1923, and that the predecessors in title of lots 9 and 10 used such driveways; and that plaintiff's predecessors in title drove on the driveway located on defendant's land from time to time. There is no evidence that any of the plaintiff's predecessors in title claimed to use the driveway (or that portion of the driveway) on defendant's land as a matter of right, or adversely to defendant's predecessors in title, prior to 1959. Moreover, defendant's predecessors in title, were also using their driveway all during such period.

To establish an easement by prescription over the land of another, it must be shown that the use was open, notorious, hostile, adverse, uninterrupted, exclusive and continuous for a period of more than 10 years. A failure to prove any one of the essential elements is fatal. Mere user alone will not create an easement. Moreover, the use of the way is permissive and not adverse, as a matter of law, if the way is also used by the owner of the land, along with the adverse user. O'Connor v. Gragg, 161 Tex. 273, 339 S.W. 2d 878; Othen v. Rosier, 148 Tex. 485, 226 S.W.2d 622; Gill v. Pringle, CCA, Er. Ref., 224 S.W.2d 525; Sassman v. Collins, Er.Ref., 53 Tex.Civ.App. 71, 115 S.W. 337; Hollingsworth v. Williamson, CCA (n. r. e.) 300 S.W.2d 194; Weldon v. Quaite, CCA, (n. w. h.), 175 S.W.2d 969; Brown v. Woods, CCA (n. w. h.) 300 S.W.2d 364.

The Trial Court's findings are amply supported by the evidence. Plaintiffs and their predecessors in title did not use defendant's driveway for 10 years, in a hostile and adverse manner. Further, under the authorities cited,[1] since defendant and her predecessors in title were also using the driveway, such use as plaintiff and his predecessors in title, made of the way, is permissive and not adverse, as a matter of law.

The judgment of the Trial Court is affirmed.

1. Foster v. Patton, CCA, (Er.Dis.C.J.), 104 S.W.2d 944; Fowler v. Matthews, CCA (n. w. h), 204 S.W.2d 80; and Schultz v. Shatto, 150 Tex. 130, 237 S.W.2d 609; appear contrary to the authorities cited, and hold that where the way is also used by the owner, such does not prevent the adverse users' use from being adverse and ripening into an easement by prescription, as a matter of law. All 3 cases are "public easement" cases, and the Foster and Fowler cases restrict their application to "public easement" situations.

Schultz v. Shatto, 1951, (Supreme Court), is in direct conflict with Othen v. Rosier 1950, 148 Tex. 485, 226 S.W.2d 622, on the point. Since, however, the Supreme Court in 1960, in O'Connor v. Gragg, 161 Tex. 273, 339 S.W.2d 878, cites, quotes from, and reaffirms Othen v. Rosier, and nowhere mentions the Shatto case, it would appear that in both public and private easement cases, contemporaneous use of the way by the owner, renders use by others as permissive and not adverse, as a matter of law.