**CITY OF PLANO, Texas, Appellant,**

**v.**

**J. O. REED, Appellee.**

**No. 130.**

Court of Civil Appeals of Texas.

Tyler.

June 10, 1965.

Rehearing Denied July 8, 1965.

John Fox Holt, Dallas, for appellant.

J. E. Abernathy, Abernathy & Orr, McKinney, Harvey L. Davis, Dallas, for appellee.

DUNAGAN, Chief Justice.

This suit was instituted in the 59th Judicial District Court of Collin County, Texas, for a permanent injunction brought by appellant, a home-rule city, to compel Mr. Reed to remove a barricade which he erected on Eleventh Street in the City of Plano, Texas, which has prevented the public from free access to said street. Appellant pleads that Eleventh Street was a public street; that Mr. Reed had dedicated it as a public street; and that he was estopped to deny that he had dedicated the street as a public street.

Upon a trial to the court, without a jury, a judgment was entered against the appellant denying the injunction sought by it.

To this judgment the City of Plano, Texas, duly excepted and gave notice of appeal. Appellant has perfected its appeal, and now challenges the correctness of the trial court's judgment.

The barricade which the appellant seeks to have removed was erected by Mr. Reed at the east end of a strip of pavement built and installed by him at his own expense on Eleventh Street east of Avenue "L". The said paved strip dead-ends into a maize and wheat field.

On March 23, 1946, Mr. Reed purchased a plot of approximately 59.34 acres of land, which included the Vendome Addition east of Avenue "L" in the City of Plano. The description was by metes and bounds and did not mention Eleventh Street, the Vendome Addition, or the plat thereof. On March 18, 1955, Mr. Reed sold 40 acres off the east part of his acreage to Mr. J. F. Burns, and this 40 acres was also sold as acreage and not as an addition. These transactions took place before Mr. Reed, at his own expense, built Eleventh Street for a distance of approximately 276 feet east of Avenue "L". The H. L. Hunt interest ended up with a 40-acre plot deeded to J. F. Burns. The Hunt property is undivided except for a lot sold by metes and bounds to Lanco Corporation. The Lanco Corporation property runs from Tenth Street about 200 feet north to where Eleventh Street would be if it extended east. The City of Plano admits that the Lanco Corporation property lies on Tenth Street, which street in 1962 was dedicated as a public street by Mr. Reed and wife by deed dated January 6, 1955, and duly filed and accepted by the city in 1962, and further admits that Lanco Corporation has ingress and egress to their property via Tenth Street.

There was a plat of the former Vendome Addition filed of record in 1909 in the Map Records of Collin County, Texas. This plat does not bear any endorsement of approval by the City Council of Plano, nor does it have any description to the addition. The City Council of the City of Plano by ordinance dated June 10, 1930, filed for record July 3, 1930, in the Deed Records of Collin County, accepted dedication of certain streets including Henry Street (now Eleventh Street) west of Weldon Street (now Avenue "L"), but specifically "annulled, cancelled and abandoned" all of the Vendome Addition lying east of Weldon Street (now Avenue "L"), except Lewellan and Myrtle Streets and "cancelled" and "expressly refused" the dedication of all streets lying east of Avenue "L" except the said Lewellan and Myrtle Streets. It is stipulated by the parties that Eleventh Street was called "Henry Street" and that Avenue "L" was called "Weldon Street" on the old Vendome plat. It is undisputed in the evidence that neither Mr. Reed nor anyone else ever made a formal dedication of Eleventh Street as a public street; that Mr. Reed has never filed with the City of Plano a plat or map of the J. O. Reed Addition. The undisputed evidence further shows that in 1962 Mr. Reed filed a deed and plat expressly dedicating Tenth Street as a public street and that the property sold by the Hunt interest to Lanco Corporation fronts on this paved street; that the City of Plano never offered to purchase or condemn Eleventh Street.

Even though prior to the sale of the land to Mr. Burns, Mr. Reed caused to be surveyed and a plat made of the 59.34 acres, known as the J. O. Reed Addition to the City of Plano, this plat was never presented to or filed with the City of Plano or filed with any official thereof or anyone else.

Mr. Reed's uncontradicted testimony is that he paved Eleventh Street also from the east line of Avenue "L" at his own expense; that he did not submit plans and specifications to the city to see if they corresponded with the city's specifications for its own streets; that he did not ask the city if it was all right to build and construct Eleventh Street; that he does not know of any re-

pairs ever made by the city on Eleventh Street; that his unfiled plat of his addition did not show Eleventh Street going on through his addition; and that he never intended that Eleventh Street should go any further east than it is now; that he erected on his own land a barricade at the east end of the paved strip; and that no property owners between the barricade and Avenue "L" had ever complained in any way about the barricade.

There is no evidence in the record (1) that any person purchased land in the J. O. Reed Addition or anywhere else in reliance on any valid plat or map showing Eleventh Street east of Avenue "L" as a public street; (2) that any person purchased land in the J. O. Reed Addition in reliance on any deed describing Eleventh Street east of Avenue "L" as a public or a dedicated street; (3) that any property owner or citizen of the City of Plano ever complained about the barricade erected by Mr. Reed at the east end of the pavement on Eleventh Street; (4) that any citizen or property owner in the City of Plano ever claimed or believed that Eleventh Street east of Avenue "L" was or is a public street; (5) there is no pleading or evidence that J. O. Reed ever exhibited the Vendome plat or any plat of his property to any of the purchasers. The property conveyed by the deeds in evidence was described in each deed by metes and bounds and was not sold or described by designated lots and numbers.

As above stated, this case was tried to the court without the aid of a jury. No findings of fact or conclusions of law appear in the record, so all disputed questions of fact must be resolved in support of the trial court's judgment. For appellant to prevail it must show dedication to the public or title as a matter of law. Greenway Parks Home Owners Association v. City of Dallas, 159 Tex. 46, 312 S.W.2d 235, 1958.

The appellant in its brief says:

"The primary question to be decided is whether or not Eleventh Street as it runs east of Avenue 'L' in the City of Plano, Texas, is a dedicated public street."

Appellant's basic argument is that it should prevail in its action for mandatory injunction on the theory that Eleventh Street became a dedicated street by implication because certain deeds executed by Mr. Reed refer to Eleventh Street in the metes and bounds description of the properties conveyed. Appellant cites a number of cases as authorities in supporting its contention. As we view the record, we do not believe the cases cited by appellant are in point.

In the case of Oswald v. Grenet, 22 Tex. 94, 1948, the court said:

"Respecting what will amount to, or may be received as evidence of a dedication, the law is too well settled to admit of controversy. A setting apart, or dedication to a public use, to be effectual, need not be by deed; nor need it be evidenced by the use of it having been continued for any particular time; it is enough, that there has been some clear, unequivocal act, or declaration of the proprietor, evidencing an intention to set it apart for a public use, and that others have acted in reference to, and upon the faith of, such manifestation of intention. If the act of dedication be unequivocal, it may take place immediately. * * "

In order to constitute dedication by estoppel or implication there must exist a clear and unequivocal intention on the part of the land owner to dedicate the same to public use and an acceptance thereby by the public. Greenway Parks Home Owners Association v. City of Dallas, supra; City of Tyler v. Smith County, 151 Tex. 80, 246 S.W.2d 601; International & G. N. R. Co. v. Cuneo, 47 Tex.Civ.App. 622, 108 S.W. 714, error refused; Maddox v. Maxwell,

369 S.W.2d 343 (S.Ct.), 1963. The Supreme Court of this state said in the City of Houston v. Scanlan, 120 Tex. 264, 37 S.W.2d 718, 720, that:

"The vital principle, as seen from the authorities, upon which the doctrine of dedication rests, is the intention of the owner to dedicate. This intention may be implied from the owner's acts, coupled with the intention with which he did the acts, * * *

"But the intention to dedicate must be shown or be inferable, by sufficient evidence, from the owner's acts. * * *"

On appeal appellant contends that Reed in conveying lots east of Avenue "L" with reference therein to Block 6 of the Vendome Addition to the City of Plano, as per or in accordance with the official map and plat of said addition, constituted a dedication of Eleventh Street as a public street in that Reed adopted the recorded Vendome plat as his own. Appellant's petition does not allege that Mr. Reed adopted the plat of the old Vendome Addition as the plat for his addition. In fact, the petition does not even mention the old Vendome plat. The petition does not allege that Mr. Reed sold property with reference to said plat. There is no evidence in the record that Mr. Reed adopted any plat. The evidence in the record about the old Vendome plat shows that it was abandoned and cancelled and the offer of dedication of Eleventh Street was refused by the City of Plano in 1930, long prior to the sale of any portion of the old Vendome Addition.

█ It is clearly shown that there was never any express dedication of Eleventh Street by J. O. Reed as a public street. Neither do we think the record shows a dedication by implication. Maddox v. Maxwell, supra; Greenway Parks Home Owners Association v. City of Dallas, supra; City of Tyler v. Smith County, supra; International & G. N. R. Co. v. Cuneo, supra; City of Brownsville v. West, 149 S.W.2d 1034 (Tex.Civ.App.), 1941, no writ history; City of Dallas v. Leake, 300 S.W. 2d 135 (Tex.Civ.App.), 1957, writ refused, n. r. e.

Upon consideration of appellant's points brought forward, we think they are without merit and are overruled.

Judgment affirmed.