**H. P. McLEOD, Appellant,**

**v.**

**Vivian HINTON et al., Appellee.**

**No. 4680.**

Court of Civil Appeals of Texas.

Waco.

Nov. 30, 1967.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from a take-nothing judgment in a suit for injunction to open an asserted roadway, and for damages.

Moses & Truett, McKinney, for appellant.

Abernathy & Orr, McKinney, for appellee.

Plaintiff McLeod, owner of 60 acres, filed this suit against defendants Hinton, owners of 200 acres to plaintiff's north, alleging defendants had blocked an asserted roadway easement lying partially on defendants' property and partially on the property of landowners to defendants' south, and running from plaintiff's property westward to a public road; that the roadway was an easement used in excess of 50 years by all owners of adjacent lands, and is the only reasonable access way of plaintiff to his property. Plaintiff prayed for injunction ordering defendants to remove posts placed in the asserted roadway, and for damages.

Trial was before the court without a jury, which, after hearing, entered judgment that plaintiff take nothing.

The trial court filed Findings and Conclusions as follows:

### FINDINGS OF FACT

1) The road or way in question is not now nor has it ever been used by the general public.

2) The use by plaintiff McLeod of the road or way in question, was first commenced while plaintiff was a tenant of defendant.

3) Plaintiff remained a tenant of defendant until 1966.

4) Plaintiff has other ways of access to his farm property.

5) The act of defendant in fencing her property does not deny plaintiff the use of the road or way in question, as there is still sufficient room along said way to accommodate the plaintiff.

6) There is no evidence plaintiff sustained any damage by reason of the acts of defendant.

### CONCLUSIONS OF LAW

1) Plaintiff was not granted a right-of-way across defendants' property by defendants.

2) Plaintiff has not acquired a right-of-way across defendants' property by estoppel.

3) Plaintiff has not acquired a right-of-way across defendants' property by prescription.

4) Plaintiff has not acquired a right-of-way across defendants' property by necessity.

5) Plaintiff has the same access to his farm now that he had when he acquired it.

Plaintiff appeals on 9 points, contending:

1) The trial court erred in making Findings of Fact 1, 4, 5 and 6.

2) The trial court erred in making Conclusions of Law 2, 3, 4 and 5.

3) The trial court erred in not granting relief to plaintiff for damages and opening the road.

Defendant purchased her property from A. G. Taylor in 1935; plaintiff purchased his property from the Travelers Insurance Company in 1938. There is no further showing as to the prior title or ownership of either tract. Plaintiff was tenant of defendants from 1935 until 1966, and used the field road on the southern side of defendants' property as tenant of defendants. Prior to the instant case, defendant had her property surveyed and erected a fence on her south line. Such fence enclosed about half of a field roadway.

■ Plaintiff complains of the trial court's findings 1, 4, 5 and 6.

As noted, the trial court found that the roadway had never been a public road; that plaintiff has other ways of access to his property; that there is still room for plaintiff to use the roadway; and that there is no evidence that plaintiff has been damaged. The defendant and the witness McDonald testified the roadway was not and had never been a public road. The witnesses Kinamon and Cook testified that plaintiff had a way out to the South. The witness Hinton testified and the photographic evidence reflects, plaintiff can still use the roadway in spite of defendants' fence; and there is no evidence of damage to plaintiff. We think the evidence ample to sustain the trial court's findings 1, 4, 5 and 6.

Plaintiff's 2nd contention is that the trial court erred in Conclusions 2, 3, 4 and 5.

■ Throughout all the years that plaintiff used the roadway on defendants' property, plaintiff was tenant on the property. The record does not reflect that defendant ever conveyed any right to plaintiff to use the roadway, or that plaintiff ever expended any money on such roadway. No estoppel was plead by plaintiff, and there is no evidence that plaintiff has right to use the way by estoppel.

■ The trial court found plaintiff had not acquired a right-of-way by prescription. To establish such an easement it must be shown that the use was open, notorious, hostile, adverse, uninterrupted, exclusive, and continuous for a period of 10 years. A failure to prove any one of the essential elements is fatal. Mere use alone will not create an easement. The user here was permissive, as plaintiff was tenant of the defendant. O'Connor v. Gragg, 161 Tex. 273, 339 S.W.2d 878; Rust v. Engledow, Tex.Civ.App. (nre) 368 S.W.2d 635.

The trial court found plaintiff had not acquired a right-of-way across defendants' land by necessity.

■ The 3 requisites for a way of necessity are: 1) unity of ownership; 2) that the roadway is a necessity; 3) that the necessity existed at the time of the severance of the 2 estates. Waggoner Estate v. Gleghorn, S.Ct., 378 S.W.2d 47; Othen v. Rosier, 148 Tex. 485, 226 S.W.2d 622.

■ There is no evidence that plaintiff's and defendants' property was ever under

common ownership; and the evidence reflects at the time plaintiff purchased his property he had some 3 ways to the public road; and has at least one at the present time.

All plaintiff's points and contentions are overruled.

Affirmed.