**Cora WARD, Appellant,**

v.

**Gladys SLAVECEK and Pearcy Wisdom, Appellees.**

**No. 4988.**

Court of Civil Appeals of Texas, Waco.

March 4, 1971.

Hugh B. Higgins, Cleburne, for appellant.

R. A. Kilpatrick, Cleburne, for appellees.

## OPINION

WILSON, Justice.

Plaintiff-appellant states that this non-jury case was pleaded and tried as one of implied easement, and we will so consider it.

Plaintiff and defendants own adjacent lots, each fronting 50 feet on the west side of Wood Street in Cleburne, and extending westerly 163 feet to an alley. The title to both lots is deraigned from a common predecessor in title who built a driveway before 1919 centered approximately on the east-west division line between the two lots to serve as an approach to his garage. Plaintiffs predecessor in title purchased his lot from this common owner in 1925, and in 1928 defendant's predecessor acquired the other lot. The latter then constructed a garage on his lot and began to use the original driveway in common with his neighbor and with his consent. The driveway was so used in common until 1970 when defendants built a metal fence on their property which divided the driveway in such a manner that plaintiff alleges she cannot use it, and her garage is useless. The sketch appearing in Rust v. Engledow (Tex.Civ.App., 1963, writ ref. n. r. e.) 368 S.W.2d 635, 636 illustrates generally the relative position of the properties in the present case.

The court made numerous findings of fact, two of which are attacked by plaintiff; but it will not be necessary to pass on these points. Plaintiff asserts, as we construe her argument, that the evidence establishes an implied easement in her favor on and over the driveway as a matter of law.

■ The requirements for engrafting an easement by implication are summarized in Drye v. Eagle Rock Ranch, Inc. (Tex. Sup.1963) 364 S.W.2d 196, 207, and applied in Bickler v. Bickler (Tex.Sup.1966) 403 S.W.2d 354, 357. Among these is that the easement "must be necessary to the use of the dominant estate," the degree of necessity being "strict necessity". See Mitchell v. Castellaw, 151 Tex. 56, 246 S.W.2d 163 (1952).

■ The trial court found that there is an open alley on the west end of plaintiff's lot, accessible to them. No point

is presented attacking this finding; and there is adequate evidence that the alley could be used for access to the garage, and had been so used in the past. There is evidence of probative force that a clear space of 9–9.5 feet exists between the metal fence and plaintiff's house, providing sufficient clearance for automobiles to be driven from Wood street to plaintiff's garage.

Under the express and implied findings as to necessity and the evidence supporting them, it may not be said that plaintiff has established an implied easement as a matter of law, and the record sustains the trial court's determination to the contrary. Appellant's points are overruled. The take-nothing judgment is affirmed.