### MOORE v. PORTER et al.   (No. 313.)

(Court of Civil Appeals of Texas.   Waco. Feb. 25, 1926.)

1. Brokers ☞86(4).

Evidence *held* to sustain finding that brokers were procuring cause of sale of defendant's land to purchaser.

2. Appeal and error ☞930(1)—Court of Civil Appeals must view evidence in light most favorable to jury's finding and reject all evidence favorable to opposite contention.

In passing on sufficiency of evidence to sustain finding of jury, Court of Civil Appeals must view same in light most favorable thereto, rejecting all evidence favorable to opposite contention, and considering only facts and circumstances which tend to sustain finding.

... Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by D. C. Porter and others against ₩. O. Moore. From a judgment for plaintiffs, defendant appeals. Affirmed.

Frank Oltorf and C. R. Glass, both of Marlin, for appellant.

Nat Llewellyn, Ben H. Rice, Jr., and Bartlett & Dodson, all of Marlin, for appellees.

BARCUS, J. This suit was instituted by appellees against appellant, seeking to recover a real estate commission which they claimed was due by reason of their services as real estate agents, rendered in procuring a purchaser for a tract of land owned by appellant. They alleged that the property was listed with them for sale, and that they found a purchaser who was ready, able, and willing and who did in fact purchase the property and paid the sum of $26,550 therefor, and that they were entitled to a 5 per cent. commission, or a total of $1,327.50. Appellant answered by general demurrer and general denial. The cause was tried to a jury and submitted on a number of special issues, and, based on the findings of the jury and additional findings by the court, judgment was entered for appellees for the full amount of said commission.

[1, 2] Appellant presents only one contention in this court, and that is that the finding of the jury that appellees were the procuring cause of the sale of appellant's land to the purchaser, S. B. Walker, is not supported by the testimony. The statement of facts covers 38 pages. The testimony with reference to said issue was sharply controverted and fully developed. Appellees each testified that the land was listed with them for sale, and that they on several different occasions showed the land to Mr. Walker, or his son, who was looking after the matter for his father; that they talked to Mr. Walker and put him in touch with the property and informed appellant that they were trying to sell same to Walker. It was shown that Mr. Walker did in fact purchase the land from appellant at the price same had been listed with appellees by appellant for sale. Without going into an extensive statement of the testimony, we think it is sufficient to sustain the answer of the jury to said question. In passing upon the sufficiency of the evidence to sustain the finding of the jury, we must view the same in the light most favorable thereto, rejecting all evidence favorable to the opposite contention and considering only the facts and circumstances which tend to sustain such finding. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688, and authorities there cited; Cartwright v. Canode, 171 S. W. 696, 106 Tex. 502. There being evidence supporting the finding of the jury, we will not disturb same.

The judgment of the trial court is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes