### BRETZKE et al. v. GODE.   (No. 7039.)

(Court of Civil Appeals of Texas. Austin. Nov. 17, 1926.)

**1. Appeal and error ⬅⟶997(3)—Refusal to instruct verdict will be held proper, where judgment is supported by any evidence, in absence of objection to issues.**

In considering failure to instruct verdict, judgment will be affirmed if any legal evidence sustains it, where no objection was made to issues as submitted and no other issues were requested.

**2. Appeal and error ⬅⟶930(3)—In considering failure to instruct verdict, court will be presumed to have found in support of judgment on unsubmitted issues.**

In considering failure to instruct verdict, trial court will be presumed to have found in support of judgment on any issue raised by evidence and pleading, and not submitted nor requested to be submitted to jury.

**3. Easements ⬅⟶36(1) — Plaintiffs asserting right to roadway by limitation must show open, notorious, hostile, exclusive, continuous use, with acquiescence of owners of servient estate.**

Plaintiffs asserting right to roadway by limitation must show open and notorious use, with knowledge and acquiescence of owners of

servient tenement, hostile, exclusive, uninterrupted, and continuous for requisite period of time, since failure to prove any element entitling them to right claimed is fatal.

**4. Easements ⬅⟶37—Evidence held to take to jury question whether plaintiffs had easement by limitation in private roadway, and to support adverse finding.**

Evidence *held* sufficient to take to jury question whether plaintiffs had easement in use of private roadway running through defendant's land to highway, and to support finding for defendants.

**5. Evidence ⬅⟶590—Interested witness' testimony is not conclusive on jury or court.**

Neither jury nor court is bound to accept testimony of interested witness as conclusive.

**6. Easements ⬅⟶8(2, 3)—Permissive use of road will not establish right to easement therein.**

Permissive use of roadway is not sufficient to establish right by prescription to easement therein.

Appeal from District Court, Comal County; M. C. Jeffrey, Judge.

Suit by Robert Bretzke and others against R. J. Gode. Judgment for defendant, and plaintiffs appeal. Affirmed.

Martin Faust, of New Braunfels, and A. J. Wirtz, of Seguin, for appellants.

Henne & Fuchs and Adolph Seidemann, all of New Braunfels, for appellee.

BAUGH, J. Appellants owned certain lands in Comal county, on the east side of and bounded by the Guadalupe river. Appellee owned the land immediately across the river. There was a private roadway or passageway leading from appellants' house on the east side of the river, crossing said river, and for about 200 yards across appellee's land up to a third-class public road running into New Braunfels. After appellee bought his land, and after a dispute between him and some of appellants, he closed this private roadway. Appellants sought an injunction requiring him to open this road and keep it open. The case was submitted to a jury on special issues, on all of which they found against appellants, and judgment was rendered against them accordingly.

[1, 2] Appellants claim that they had acquired an easement or right of way by prescription across appellee's land before he purchased same. At the close of the evidence, appellants asked for an instructed verdict. On this appeal they complain of the trial court's failure to instruct a verdict in their favor and that the findings of the jury are contrary to and not supported by the evidence. No objection was made to the issues as submitted, and no other issues were requested by appellants to be submitted. Under such circumstances, if the record dis-

closes any legal evidence to sustain the judgment of the trial court, it is our duty to affirm it. Dallas Ry. Co. v. Hallum (Tex. Civ. App.) 276 S. W. 460; Moore v. Porter (Tex. Civ. App.) 281 S. W. 232. And on any issue raised by the evidence and the pleading, and not submitted nor requested to be submitted to the jury, it will be presumed that the trial court found thereon in support of the judgment. Andrews v. Hughes (Tex. Civ. App.) 283 S. W. 180.

[3] Appellants, plaintiffs below, sought to establish their easement by limitation. They claimed that they had had uninterrupted, open, peaceable, adverse, exclusive, and continuous use and enjoyment of said roadway, with the knowledge and acquiescence of the successive owners of said land, for a period of more than 20 years, and that their predecessors in title had had similar use and enjoyment for more than 10 years. They assert neither necessity nor estoppel as a basis for such easement, but rely entirely on limitation. It was incumbent upon the appellants to prove all of the elements entitling them to the right claimed, and a failure to prove any of them is fatal to the right asserted. Ry. Co. v. Wilson, 83 Tex. 156, 18 S. W. 325; Williams v. Kuykendall (Tex. Civ. App.) 151 S. W. 629; 19 C. J. 958. It was necessary, therefore, for them to show that their use and that of their predecessor was open and notorious; that it was with the knowledge and acquiescence of the owners of the servient tenement; that it was hostile, exclusive, uninterrupted, and continuous for the requisite period of time. Williams v. Kuykendall, supra; Smith v. Lancaster (Tex. Civ. App.) 248 S. W. 472; 19 C. J. 959.

[4] We will not undertake to set out and discuss the special issues submitted to the jury. We think it is immaterial whether the evidence is sufficient to support each separate finding of the jury, if, under the evidence, a finding by the court or the jury was warranted that the appellants had failed to prove any one of the several elements essential to establish their easement by prescription. We have concluded that there was, and that appellants did not show themselves, as a matter of law, entitled to the easement claimed.

[5] Robert Bretzke testified that his father had lived on the land now owned by appellants, and had used the road in question for a period of some 40 years before appellants acquired their land; that during that time a Mr. Giesecke had purchased the land now owned by appellee, and had sold to appellants' predecessor the roadway claimed for 16 cedar gateposts. No muniment of title, however, was shown to have been executed, and no improvements made. None of the Gieseckes testified, and neither the jury nor the court were bound to accept the testimony of an interested witness as conclusive of the matter. There was evidence, also, that even during that period, for a part of the time, at least, the land over which the road passed was uninclosed; that the use of the road was in common with the public and the owners of the servient estate; and that, when fenced, a gate was placed on this road by the owner. And from the testimony of Bretzke on cross-examination, we think it could be inferred that the user during Giesecke's ownership was permissive only. We think there was clearly sufficient evidence that all of the elements necessary to establish an easement in appellants were not present during the 20-year period of user claimed to have been enjoyed by appellants themselves. Several owners of the servient tenement during that period refused to acknowledge any right in appellants to the passageway. The gate across it was locked at times.

[6] There was evidence to show that appellants' use of it during all these years was only permissive. Such use is insufficient to establish a right by prescription to an easement. Nor was the use exclusive in appellants. The owners of the servient estate used the road in the same manner as appellants, and in one or more instances asserted dominion over it by locking the gate. See Callan v. Walters (Tex. Civ. App.) 190 S. W. 829. Two or three witnesses, owners of the servient estate, testified that after Bretzke claimed he had bought the road from Giesecke, and they had declined to recognize such alleged purchase, he then offered to purchase said roadway from them. Such testimony was sufficient to authorize a finding that the claim of appellants was not adverse. Texas & N. O. Ry. Co. v. Speights, 94 Tex. 350, 60 S. W. 659; Houston Oil Co. v. Pullen (Tex. Com. App.) 272 S. W. 439.

Without further discussion of the evidence, we have concluded that it was sufficient, taken in its most favorable light, to support the judgment. The judgment of the trial court is affirmed.