**Herbert C. BINDSEIL, Appellant,**

v.

**O. O. COLLINS, Appellee.**

**No. 11938.**

Court of Civil Appeals of Texas, Austin.

May 24, 1972.

Rehearing Denied June 14, 1972.

Moursund & Sanders, B. J. Sanders, Johnson City, for appellant.

P. Otis Hibler, San Antonio, for appellee.

SHANNON, Justice.

This appeal concerns the existence *vel non* of a way of necessity or an easement by prescription for a roadway over the lands of Appellant, Herbert C. Bindseil.

Appellee, O. O. Collins, sued appellant in the district court of Blanco County to establish a right to cross the lands of appellant. Upon trial, judgment was entered declaring an "easement appurtenant" to the land of appellee and across appellant's lands. We will reverse that judgment and render judgment that appellee take nothing.

Since the location of appellant's and appellee's ranches is involved in this appeal, it is necessary to describe in a general way that location relative to the public road and to the easement granted by the judgment. Appellee's ranch does not front on a public road. To the south of appellee's land lies the Hill ranch; to west, north, and east lies appellant's ranch. In 1960 appellee bought his ranch from Horace M. Cox, Jr. One hundred acres of that ranch was once a part of the one hundred seventy-five acre Paul Bindseil homeplace. In 1953 appellant bought approximately seventy-five acres of the "homeplace" from his father, Paul Bindseil and added that acreage to his existing ranch, purchased from one Weintraub in 1932 or 1933. Appellant's seventy-five acre tract joins appellee's ranch on its northwest line.

Appellant's north boundary line is the Little Blanco River. North of the river is the old county road which has been improved and is now called a "Ranch Road." Between the Ranch Road and the Little Blanco is a narrow strip of land, a few feet wide, the west portion of which is owned by the Bruemmer family and the east portion by "Curtis and Malley."

Since appellant's land does not front on a public road he has some character of an arrangement with Curtis and Malley to cross their strip of land and ford the Little Blanco at a low water crossing. As this

arrangement is not a part of this litigation, its nature is unimportant.

From the low water crossing on the Little Blanco appellant has a dirt road to his house and barns. From appellant's house and barns the dirt road continues in a southern direction and then turns eastward. The part of appellant's ranch upon which the dirt road crosses until it turns to the east is that acreage which appellant purchased from Weintraub. From the turn to the east to appellee's line the road crosses over a part of the seventy-five acres purchased from Paul Bindseil. The dirt road from the Little Blanco crossing to appellee's property line will be referred to in this opinion as the "Bindseil" road, and is the roadway easement granted appellee in the judgment.

Appellee's vendor, Cox, during his ownership of the ranch had used another road south over the lands of the Hill ranch and onto a public road. Some evidence indicated that this road had once been public, but had been closed by order of the Commissioner's Court of Blanco County. By the time appellee purchased the ranch from Cox, Hill had locked the gap between the ranches and told appellee that the road was available to him only when the Little Blanco was flooding.

Cox had also used the Bindseil road for access to his ranch. From the date of the purchase of his ranch in 1960, appellee continuously used the Bindseil road. Appellee never made any inquiry as to his legal right to use the Bindseil road, but "assumed" that he had that right. For all the years which appellee used the Bindseil road, appellant also continuously used that road. Appellee filed suit in 1969.

When appellee's vendor, Cox, purchased the ranch he obtained a written easement from appellant which, by and large followed the western property line of appellant. This easement, of course, went only to appellant's north property line, the Little Blanco River. At this point there is a six or seven foot bluff down to the river. To cross the river construction of a low water crossing would have been necessary in addition to the leveling work on the bluff. Opposite this point, the Bruemmer family owned the described strip between the river and the public road. There is no evidence that Cox attempted to obtain an easement from the Bruemmers across their strip. Cox did not use the road described in the written easement and never leveled the bluff or built any character of crossing across the river. Though this easement was filed in the deed records of Blanco County, appellee testified that he had no knowledge of it until after this suit had been filed.

Appellee's use of the Bindseil road commenced a festering dispute between him and appellant culminating in this appeal. In general, appellant complained that appellee's family, guests, employees and deer lessees drove their automobiles too fast on the road and created too much dust. On one occasion appellee, without permission, cut appellant's fence to enlarge the gap to permit the passage of his farm machinery.

Appellee asked and received appellant's permission to grade the road. According to appellant, appellee graded off the "hump," the removal of which caused the rains to wash soil into his cattleguard. To prevent this washing appellant testified that he caused ridges of soil to be dumped at intervals across the road. Appellee claimed that these dumps were "obstacle courses" which damaged his vehicles and made riding uncomfortable. Appellee also claimed that appellant's son intentionally drove his tractor and Volkswagen on the road so as to frighten his guests who were also driving on the road.

After suit was filed, appellant and appellee signed a "compromise agreement" respecting a roadway easement across appellant's lands. Basically, this easement would follow the appellant's western boundary line as did Cox's deeded easement. The "compromise agreement" proved unsatisfactory to appellee since he could not obtain a written easement from

the Bruemmer family to cross their strip of land. Appellant testified that the Bruemmers would permit appellee to cross their strip, but would "sign nothing."

Appellee pleaded that he was entitled to an "implied easement" (a way of necessity) across appellant's lands, and in the alternative, that he had acquired an easement by prescription across appellant's lands. The judgment simply provided that appellee was entitled to an easement for a roadway following the Bindseil Road.

■ The judgment is not supported by the evidence either upon the theory of a way of necessity or easement by prescription. The three requisites for a way of necessity are: (1) unity of ownership of the alleged dominant and servient estates; (2) that the roadway is a necessity; and (3) that the necessity existed at the time of the severance of the two estates. Estate of Waggoner v. Gleghorn, 378 S.W. 2d 47 (Tex.1964).

■ The appellant's land consisted of two tracts, the seventy-five acres acquired from Paul Bindseil and the balance acquired from Weintraub. The easement granted by the judgment crossed both the seventy-five acre tract and the tract acquired from Weintraub. There is no evidence that appellee's property and that of appellant's acquired from Weintraub were ever under common ownership, and hence appellee failed to prove the first requisite of a way of necessity.

■ An easement by prescription is one acquired over another's land by open and notorious use of that land for the requisite period of time, such use being hostile, exclusive, uninterrupted, continuous, and with the knowledge and acquiescence of the owner of the servient tenement. Bretzke v. Gode, 289 S.W. 111 (Tex.Civ.App.1926, no writ). See 15 Baylor L.Rev. 341 (1963). The easement by prescription is enforced only if the claimant fully satisfies each requirement. Texas Western Ry. Co. v. Wilson, 83 Tex. 153, 18 S.W. 325 (1892).

■ A review of the record reveals that appellant used the Bindseil road during all of the time of its use by appellee. Use of the servient property by the claimant for the same purpose as the owner will not ripen into a prescriptive easement. Othen v. Rosier, 148 Tex. 485, 226 S.W.2d 622 (1950), see Sassman v. Collins, 53 Tex. Civ.App. 71, 115 S.W. 337 (1909, writ ref'd).

The judgment is reversed and here rendered that appellee take nothing.

Reversed and rendered.