**Frank DAILEY, Appellant,**

v.

**Jack ALARID, Appellee.**

**No. 654.**

Court of Civil Appeals of Texas, Tyler.

Oct. 26, 1972.

Rehearing Denied Nov. 16, 1972.

Sallas, Griffith & Meriwether, Gus E. Meriwether, Crockett, for appellant.

Minter & Mahon, Sam S. Minter, Houston, Granberry & Hines, F. P. Granberry, Crockett, Owens & Fortney, Richard Owens, Fort Worth, for appellee.

MOORE, Justice.

This is an appeal from a judgment denying an injunction. Appellant, Frank Dailey, brought suit against appellee, Jack Alarid, seeking to permanently enjoin him from obstructing or interfering with appellant's use of a roadway running across some of appellee's land. Appellant alleged that the general public had acquired an easement by prescription based on public use of the road for a period of more than ten years. Trial was had before a jury. In substance, Special Issue No. 1 inquired as to whether the general public had adversely used the road in question for a period of ten consecutive years. The jury found it had not. The trial court rendered judgment based on the jury's finding, and the appellant (plaintiff below) perfected this appeal.

The undisputed testimony shows that appellee owned a large tract of land consisting of approximately 1100 acres in a rural

area of Houston County near the Trinity River. The road in question runs across the center of the land for a distance of between two and three miles. Appellee and his predecessors in title have used the roadway at all times since its existence. It is undisputed that members of the general public used the roadway for more than ten consecutive years. Sometime between 1950 and 1955 the roadway was partially relocated and rebuilt by oil companies working in the area. This work, as well as the subsequent use of the road by the oil companies, was with the consent of appellee and his predecessors in title. Appellant is not the owner of any land abutting or adjacent to the road in question. He does, however, own land approximately a mile from the road and has used the road as one of two alternate routes to his property. He does not contend that either his use or that of the general public has been exclusive of the owner's use, nor does he contend that he or any member of the public ever attempted to exclude any of the various owners from the use of the road, nor claimed the right to do so. His contention seems to be that because of the long, continuous use by the public, a public road by prescription had been established and that he, as a member of the general public, has a right to the unrestricted use thereof.

Since this appeal is basically brought forward on appellant's objection and exception to the court's charge, we agree with the statement made in appellant's brief that no lengthy statement of the facts is necessary. Accordingly we will confine our attention to appellant's complaint of the court's charge.

In Special Issue No. 1 the trial court requested the jury to find whether the public in general had "adversely used the roadway * * * under a claim of right, open, continuous and uninterrupted for any continuous period of ten years before the 1st day of January, 1968." After defining the term "adverse," the court's charge informed the jury: "You are further instructed that mere use of the roadway is not adverse to the right of the landowner. The use of the roadway is deemed permissive and not adverse if the way is also used by the owner of the land along with the general public."

Appellant asserts in his first three points that this instruction is erroneous for two reasons. First, he says, it amounts to a comment on the weight of the evidence in that it instructs the jury to answer the issue in favor of appellee, since "all testimony shows the use of the roadway was also made by the owner of the land." Secondly, appellant urges, the instruction is erroneous because it is an inaccurate statement of the law. In connection with the latter contention, appellant urges the law is well settled that use by the owner, along with the general public, does not, of itself, defeat the establishment of a public road by prescription. We overrule these points as well as other points brought forward by appellant and affirm the judgment of the trial court.

In the case of Othen v. Rosier, 148 Tex. 485, 226 S.W.2d 622, 626 (1950), the Supreme Court makes this statement:

"An important essential in the acquisition of a prescriptive right is an adverse use of the easement. 'Generally, the hostile and adverse character of the user necessary to establish an easement by prescription is the same as that which is necessary to establish title by adverse possession. If the enjoyment is consistent with the right of the owner of the tenement, it confers no right in opposition to such ownership.' "

■ So long as the use of the roadway is consistent with the rights of the owner, it may never ripen into a prescriptive easement, regardless of the length of time. O'Connor v. Gragg, 161 Tex. 273, 339 S.W.2d 878, 881 (1960). There is no evidence in this record to the effect that the appellee had no right to the full enjoyment of the roadway along with others. In fact, appellant admits that appellee and his

predecessors in title have always used the roadway in connection with their use and enjoyment of their property. There is nothing in the evidence tending to show even a claim of right of either appellant or the public to use the roadway to the exclusion of appellee.

■■ To establish an easement by prescription over the land of another, one must show that the use was open, notorious, hostile, adverse, uninterrupted, exclusive and continuous for a period of more than ten years. A failure to prove any one of the essential elements is fatal. Mere use will not create an easement. Moreover, the use of the way is permissive and not adverse, as a matter of law, if the way is also used by the owner of the land along with the claimant of the prescription. O'Connor v. Gragg, supra; Othen v. Rosier, supra; Rust v. Engledow, 368 S.W.2d 635 (Tex.Civ.App., 1963, Waco, writ ref., n. r. e.); Gooding v. Sulphur Springs Country Club, 422 S.W.2d 522 (Tex.Civ. App., Tyler, 1967); Eastex Wildlife Conservation Association v. Jasper, 450 S.W. 2d 904 (Tex.Civ.App., Beaumont, 1970, writ ref., n. r. e.). Granted that there is evidence to support the fact of "use," there is no evidence that the use was either "hostile, adverse or exclusive" to the owner's use thereof.

■ Since it is without dispute that appellee and his predecessors in title also used the roadway, the use by the public was permissive and not adverse, as a matter of law. Under the record before us we think the trial court would have been justified in granting appellee's motion for instructed verdict.

■ Thus, since appellee was entitled to judgment as a matter of law, the instruction complained of was superfluous and the error, if any, in giving same was harmless. Rule 434, Texas Rules of Civil Procedure.

We are not persuaded by the case of Fowler v. Matthews, 204 S.W.2d 80 (Tex. Civ.App., Austin, 1947, n. w. h.), cited by appellant for the proposition that joint use by the owner along with the public does not defeat the establishment of a public roadway by prescription. In the case of O'Connor v. Gragg, supra, decided subsequent to *Fowler*, the Supreme Court did not apply the rule announced by *Fowler* and therefore we decline to do so here.

In view of the conclusion we have reached, appellant's remaining points become immaterial and are therefore overruled.

The judgment of the trial court is affirmed.