* *Editor's Note*: The opinion of the Court of Civil Appeals of Texas, in *Risher v. Chrisman*, published in the advance sheets at this citation (547 S.W.2d 287), was withdrawn from publication by request of the Court.

F. W. WIEGAND, Jr., Appellant,

v.

Lupe RIOJAS, Appellee.*

No. 12482.

Court of Civil Appeals of Texas, Austin.

March 30, 1977.

Robert L. Crider, Austin, for appellant.

O. T. Moore, Jr., Blundell & Moore, Lockhart, for appellee.

O'QUINN, Justice.

Lupe (Guadalupe) Riojas, the appellee, brought this suit in August of 1974 claiming an easement to cross land owned by F. W. Wiegand, Jr., in going to and from Highway 183 and land owned by Riojas adjoining the Wiegand tract, but which does not front on the highway. Riojas alleged that he had been crossing the Wiegand property since April of 1951, until stopped by Wiegand in January of 1974, a use in which Wiegand's "predecessors in title acquiesced."

Trial was before the court without aid of a jury, following which the court entered judgment awarding Riojas "rights of ingress and egress over" the Wiegand tract "adjacent to and parellel [sic] with that pipe line . . . easement to Texas New Mexico Pipe Line Company from U. S. Highway 183 to a point where said pipe line enters" the Riojas land.

█ Wiegand appealed from the judgment and brings the single point of error that Riojas failed to prove the elements necessary to establish an easement by prescription across the Wiegand property. We will sustain appellant's point of error and reverse the judgment of the trial court. We will render judgment that Riojas take nothing by his suit.

Riojas testified at trial that he began in 1943 crossing the Wiegand tract, which at that time was owned by Mrs. Hettie I. McMillan. The tract now owned by Riojas was owned at that time by Dr. Edgar Smith, by whom Riojas was employed. It is undisputed that in this period permission had been given Dr. Smith to cross the McMillan land from the highway in order to reach Smith's property to gather firewood.

In 1951 Riojas acquired the Smith tract, and permission was granted Riojas to cross the McMillan property in going to and from the highway to reach the Riojas tract. The McMillan, or intervening, tract was acquired in 1958 by Frederick Wiegand, Sr., father of appellant, and appellant purchased the tract in 1966.

█ It is settled in this state that to establish an easement by prescription, the person claiming the easement must show that use of the easement was open and notorious, adverse, hostile, exclusive, uninterrupted, and continuous for a period of ten years or more. *Davis v. Carriker,* 536 S.W.2d 246 (Tex.Civ.App. Amarillo 1976, writ ref'd n. r. e.); *Dailey v. Alarid,* 486 S.W.2d 620 (Tex.Civ.App. Tyler 1972, writ ref'd n. r. e.). Although statutes of limitation are inapplicable to easements, Texas courts have adopted the statutory period of ten years as the period required to establish a prescriptive right. 21 Tex.Jur.2d *Easements,* sec. 32, p. 160 (1961); *Haas v. Choussard,* 17 Tex. 588, 591 (1856); *Baker v. Brown,* 55 Tex. 377, 381 (1881).

█ The burden rests on the party claiming an easement by prescription to prove all the requisite elements, and failure to make proof of any one element will defeat the claim. *Davis v. Carriker, supra; Bindseil v. Collins,* 481 S.W.2d 221 (Tex.Civ. App. Austin 1972, no writ); *Bretzke v. Gode,* 289 S.W. 111 (Tex.Civ.App. Austin 1926, no writ). As may be inferred by the stringent requirements of this burden of proof, creation of an easement by prescription is not favored by the law.[1] *Hollingsworth v. Williamson,* 300 S.W.2d 194, 197 (Tex.Civ.App. Waco 1957, writ ref'd n. r. e.); *Maricle v. Hines,* 247 S.W.2d 611, 612 (Tex.Civ.App. Fort Worth 1952, no writ). It follows that mere use will not create an easement, no matter how long continued. *Dailey v. Alarid, supra; Miracle v. Hines, supra.*

---

1. For discussion of the historical common law background of easements by prescription, see 15 Baylor L.Rev. 341 (1931); 28 C.J.S., Easements § 6; *Lewis v. San Antonio,* 7 Tex. 288 (1851).

Use by the claimant of the prescriptive easement not only must be adverse, but must be with the knowledge and acquiescence of the owner of the servient tenement. *Bindseil v. Collins, supra; Bretzke v. Gode, supra.* Notice to owner of the servient tenement need not be actual but may be constructive. *Cockrell v. City of Dallas,* 111 S.W. 977 (Tex.Civ.App. Dallas 1908, no writ); *Evans v. Scott,* 37 Tex.Civ. App. 373, 83 S.W. 874 (Tex.Civ.App. Dallas 1904, no writ). Also see F. Lange, *Land Titles and Title Examination,* in 4 Texas Practice, sec. 376, p. 147 (1961). Notice serves to inform the servient owner that the claimant's use is under a hostile claim of right. See 21 Tex.Jur.2d *Easements,* sec. 26—sec. 28 (1961); 15 Baylor L.Rev. 341, 346–347 (1963). The prescriptive period for establishing the easement does not begin to run until the servient owner against whom the prescriptive right is claimed has notice. *Gooding v. Sulphur Springs Country Club,* 422 S.W.2d 522 (Tex.Civ.App. Tyler 1967, writ dism'd).

It is well established in Texas that use of an easement by permission of the servient owner, either express or implied, no matter over what period of time, cannot subsequently ripen into a prescriptive right. *Othen v. Rosier,* 148 Tex. 485, 226 S.W.2d 622 (1950). It is true that the use of an easement which originally was permissive may become adverse at a later date, but the presumption is that there is a continuation of the permissive use. To transform permissive use of an easement into an adverse use, there must be a distinct and positive assertion of a right which is brought to the servient owner's attention and which is hostile to the owner's rights. Even if the prescriptive easement is claimed by a successor in interest of the party to whom permissive use originally was given, the presumption continues that the use is permissive. *Miller v. Pellizzari,* 342 S.W.2d 48 (Tex.Civ.App. Eastland 1960, no writ).

In the present case, after entry of judgment by the trial court, no request was made by appellant for findings of fact and conclusions of law, and none was filed by the court. The assumption on appeal is that the court found every fact necessary to sustain the judgment if such factual propositions were raised by the pleadings and supported by evidence. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950). Any legal theory that finds support in the evidence will be sufficient to affirm the judgment. *Bishop v. Bishop,* 359 S.W.2d 869 (Tex.Sup.1962).

After close examination of the trial record, it is apparent that Riojas did not prove the elements necessary to establish a prescriptive easement across the Wiegand tract.

During the period the Wiegand land was owned by Mrs. McMillan, Riojas testified, he was granted permission to cross the tract. Riojas also testified that it was not until 1973 or 1974 that permission to cross the land was withdrawn. The presumption is that during the period the tract was owned by Wiegand, Sr., use by Riojas was permissive. Riojas testified that he had permission to cross the property until the land was purchased by appellant, which occurred in 1966.

From the record it appears that at least until 1969, use by Riojas of the way over appellant's land was permissive. During the 1970's it is true Riojas made a hostile and adverse claim of right by such acts as removing fence wire and cutting the lock on a gate. However, when appellant fenced the land in the 1970's and when appellant locked the gate as early as 1971, any prescriptive period claimed by Riojas was interrupted. *Bretzke v. Gode, supra; Evans v. Scott,* 37 Tex.Civ.App. 373, 83 S.W. 874 (Tex.Civ.App. Dallas 1904, no writ); *Cunningham v. San Saba County,* 11 Tex.Civ.App. 557, 32 S.W. 928 (Tex.Civ.App. Austin 1895, no writ), reh. overr. 33 S.W. 892 (Tex.Civ.App. Austin 1896, no writ).

We conclude that the right claimed by Riojas has not been established by ele-

ments necessary to prove a prescriptive easement. During the prescriptive period claimed by Riojas the use was for the main period permissive, and when not permissive the period has been interrupted. In addition, we note that trial was held in August of 1975, and that appellant did not take title to the tract until November of 1966. The ten-year prescriptive period, therefore, could not have run against appellant. Riojas testified that he crossed the Wiegand land only about four times a year, and that as of August, 1975, when trial was held, he had been on the Wiegand land only once during the previous two years, that occasion being at least a year and a half prior to trial.

■ An additional question, pertaining to notice of appeal and filing of deposit in lieu of bond, not raised on appeal by appellee but noticed by the Court, has been considered and is disposed of as now stated.

The original transcript, filed May 17, 1976, reflects that judgment of the trial court was entered on March 26, 1975, although the record on its face shows that trial was not held until August 26, 1975, or five months after date of the judgment. When oral arguments were heard and the cause was submitted in this Court, the discrepancy was brought to the attention of counsel for the parties, and appellant subsequently filed, with leave of the Court, supplemental transcript containing judgment *nunc pro tunc* of the trial court amending the first judgment to reflect the correct date, March 26, *1976*, in lieu of *1975*.

The error thereby corrected was clerical in nature, and the correction by judgment *nunc pro tunc* was proper. *Hays v. Hughes*, 106 S.W.2d 724 (Tex.Civ.App. Austin 1937, writ ref'd); *City of San Antonio v. Terrill*, 501 S.W.2d 394, 397 (Tex.Civ.App. San Antonio 1973, writ ref'd n. r. e.).

The record reflects that, following entry of judgment in March of 1976, appellant filed written notice of appeal on April 2, 1976, after making cash deposit in lieu of appeal bond on March 19, 1976, in addition to notice of appeal in open court as recited in the judgment.

■ Although perfection of the appeal as a general rule terminates the authority of the trial court, the lower court does have authority by judgment *nunc pro tunc*, at any time before final judgment in the court of civil appeals, to correct the record and cause it to speak the truth, and entry of such corrected judgment does not require the filing of a new appeal bond or making another deposit in lieu of a bond. *Panhandle Construction Co. v. Lindsey*, 123 Tex. 613, 72 S.W.2d 1068, 1072 (1934). Rules 316 and 317, Texas Rules of Civil Procedure; *Finlay v. Jones*, 435 S.W.2d 136 (Tex.Sup. 1968). Rule 306c (as amended eff. Jan. 1, 1976). See also Reavley and Orr, *Trial Court's Power to Amend its Judgments*, 25 Baylor L.Rev. 191 (1973).

We hold that the trial court acted within its authority in correcting the clerical error, which reflected the wrong date of entry of judgment, and that notice of appeal and deposit of cash in lieu of appeal bond, although prior to entry of the judgment *nunc pro tunc* on January 4, 1977, were not ineffective because prematurely filed.

Judgment of the trial court is reversed. We render judgment that appellee take nothing by his suit.