TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00792-CV






Lee T. Burgard, Appellant



v.



Brenda Austin, James Austin, James H. Austin, Jr., and Christopher Austin, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. GNO-02163, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING 






 Lee T. Burgard, proceeding pro se, sued his neighbors the Austins alleging seven
causes of action that related to his claim that Christopher Austin, the adult son of Brenda and James
Austin, trespassed onto his property and stole his 1993 Ford Mustang. (1) The Austins moved for
summary judgment raising both traditional and no-evidence grounds which the district court granted
as to certain causes of action. The summary judgment became a final, appealable order when the
district court severed into a new cause number Burgard's causes of action against Christopher Austin
that were not disposed of by the summary judgment. (2) Burgard appeals raising nine issues. We will
affirm the summary judgment.


Factual and Procedural Background


 Brenda and James Austin and their son Christopher Austin live on thirteen acres
adjacent to Burgard's ten acres in rural Travis County. On July 24, 2000, Burgard filed his original
petition suing Brenda, James and Christoper contending that on June 27, 2000, Christopher
trespassed onto his property and stole his 1993 Ford Mustang. Additionally, Burgard sued James
H. Austin, Jr., an Arkansas resident, who is James Austin's father and is Christopher Austin's
grandfather. (3) Apparently Burgard sued James H. Austin because he owns the property where the
Austin family resides. Burgard alleged that along with Christopher, Brenda and James were
responsible for the alleged theft of his Ford Mustang. Burgard alleged that Brenda and James Austin
"conspir[ed] to place the cause of the theft of his car on a third party, Lucas Todd" rather than
acknowledge that the thief was their son. Burgard also alleged in his petition that 


in the course of planning this criminal theft, Defendant Christopher Austin used the
property of [Brenda, James and James H. Austin] while under the supervision of
[them] to determine the most opportune time to conduct this tort. Defendant
Christopher Austin used the property of the remaining Defendants for telephone
surveillance of [Burgard's] property. Defendant Christopher Austin used
Defendant's James H. Austin's property for the storage and removal of stolen
property, following his theft of [Burgard's] 1993 Ford Mustang vehicle. 



IV.


Defendants' intentional and reckless tortious and criminal conduct in the theft of
[Burgard's] 1993 Ford automobile and the subsequent criminal and civil conspiracy
to conceal said theft has caused [Burgard] herein severe emotional distress.



 After all of the Austins answered and filed special exceptions, Burgard filed a first
and then a second amended original petition. He claimed that as a result of the car theft and the
Austins' actions he suffered $500,000 in damages. Burgard alleged the following causes of action
against all of the Austins: (1) trespass; (2) criminal trespass; (3) theft of vehicle; (4) intentional
infliction of emotional distress; (5) civil conspiracy; (6) criminal conspiracy; and (7) trespass to try
title action urging that he had established a prescriptive easement over a portion of the Austins'
property. 

 On October 27, after the parties exchanged written discovery and two depositions had
been taken, the Austins moved for summary judgment raising both traditional and no-evidence
grounds. See Tex. R. Civ. P. 166a(b), 166a(i). The Austins contended that not only did Burgard
have no evidence of certain causes of action, but that some were precluded as a matter of law, some
were precluded because they were not sustainable, and summary-judgment proof conclusively
negated one or more elements essential to a particular cause of action. The Austins attached as
summary-judgment proof several deposition excerpts and copies of warranty deeds.

 Burgard responded to their motion and submitted his five-page affidavit as his sole
summary-judgment proof. He also asserted that a no-evidence summary judgment rendered at this
time would be improper because he had an inadequate amount of time to conduct discovery. The
district court granted the Austins' motion and severed Burgard's remaining causes of action against
Christopher Austin that were not disposed of by the summary-judgment order into a new cause
number. 

 On appeal, Burgard, again proceeding pro se, raises the following issues: (1) a
general contention that the court erred in granting summary judgment; (2) the court erred in hearing
the no-evidence summary-judgment motion because there had been an inadequate amount of time
for discovery; (3) the court should have treated the Austins' summary-judgment motion as special
exceptions; (4) the court erred in failing to hold that Burgard's affidavit raised an issue of material
fact; (5) the court erred in failing to hold that a civil "action may be maintained for [an] action that
also sound[s] in criminal law"; (6) the court erred in failing to hold that Burgard's affidavit raised
evidence supporting an action for civil conspiracy and intentional infliction of emotional distress;
and finally (7) the court erroneously concluded that Burgard could not establish a prescriptive
easement. 

 The Austins urge that they provided traditional summary-judgment proof and
presented a proper no-evidence summary-judgment motion that justifies the district court's summary
judgment. 

Discussion


 Burgard first contends that the district court "erred in accepting special exceptions
styled as a motion for summary judgment and acting on it as a motion for summary judgment." 
Burgard contends that substantively the Austins' summary-judgment motion addressed pleading
deficiencies and that he should have been allowed to replead his causes of action rather than have
the court rule on them. We disagree. The Austins filed special exceptions after Burgard's original
petition and his first amended petition. The parties had exchanged written discovery and two
depositions had been taken when the Austins filed their motion for summary judgment. We hold
that the court did not err in addressing the summary judgment motion as titled. Burgard's first
contention is overruled.

 As the Austins urged both traditional and no-evidence grounds for summary
judgment, we will first address their bases for a traditional summary judgment. We review the
propriety of a ruling on a motion for summary judgment de novo. Natividad v. Alexsis, Inc., 875
S.W.2d 695, 699 (Tex. 1994). A traditional motion for summary judgment is properly granted when
the movant establishes that there are no genuine issues of material fact to be decided and that it is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); see also Nixon v. Mr. Prop. Mgmt.
Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 Summary judgment for a defendant is proper on a plaintiff's cause of action when the
evidence shows that no genuine issue of material fact exists on one or more of the essential elements
of the plaintiff's cause of action. Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990). 
In order to prevail on a summary-judgment motion, a defendant must either negate at least one
essential element of the non-movant's cause of action, or prove all essential elements of an
affirmative defense. Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). 
Once the movant has established a right to summary judgment, the non-movant must respond to the
motion and present to the trial court any issues that would preclude summary judgment. See City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). Because the burden of
proof is on the movant, we must view the evidence and its reasonable inferences in the light most
favorable to the non-movant and resolve all doubts about the existence of a material fact against the
movant. Nixon, 690 S.W.2d at 548-49. When a summary judgment does not specify or state the
grounds relied on, as in the instant case, the summary judgment will be affirmed on appeal if any of
the grounds presented in the motion are meritorious. Harwell v. State Farm Mut. Auto. Ins. Co., 896
S.W.2d 170, 173 (Tex. 1995).


Burgard's Claims of Criminal Trespass and Criminal Conspiracy

 Burgard contends that the district court erred in granting summary judgment on his
claims against the Austins for criminal trespass and criminal conspiracy. In his fifth point of error
Burgard's entire argument relating to the criminal offenses is the following: 


 [his] causes of action do not arise out of the criminal statutes. [He] does not request
'enforcement of the penal laws' nor does [he] request as a remedy for these causes
of action, incarceration. [His] causes of action arise solely from civil statutes and
common law. The acts of Appellees of criminal trespass and criminal conspiracy
have caused [him] herein financial and emotional damages which he seeks to recover.



 It is unclear what Burgard is asserting against Brenda, James and James H. Austin
in regards to the offenses of criminal trespass and criminal conspiracy as he has also asserted civil
actions of trespass and conspiracy. Criminal trespass and criminal conspiracy are offenses under the
Texas penal statutes. See Tex. Penal Code Ann. §§ 30.05, 15.02 (West 1994 & Supp. 2001). These
offenses are addressed exclusively in criminal proceedings brought by the State of Texas through
a district or county attorney against an individual. See Tex. Code Crim. Proc. Ann. arts. 2.01, 2.02
(West Supp. 2001). We are not aware of any statute or common law authority nor has Burgard
provided authority for the proposition that private litigants may bring civil actions for offenses under
the Texas penal statutes. (4) We hold that the district court did not err in granting summary judgment
regarding these two causes of action. Burgard's contention is overruled.


Burgard's Claims of Theft Against Brenda, James and James H. Austin

 It appears that Burgard is attempting to pursue claims of criminal theft against
Brenda, James and James H. Austin. As discussed, we are not aware of any statutory provision or
common law that authorizes a private, civil litigant to urge a criminal offense. Assuming, however,
that Burgard is asserting a civil cause of action for theft, we will review the district court's grant of
summary judgment in favor of Brenda, James and James H. Austin on that cause of action. See Tex.
Civ. Prac. & Rem. Code Ann. § 134.003 (West 1997).

 To be civilly liable for theft, the person must actually have committed the theft. Id.
at § 134.003(a). In Burgard's original petition he alleged that Christopher Austin "did unlawfully
and intentionally deprive [him] of his 1993 Ford Mustang vehicle." In his second original amended
petition Burgard alleged, "Defendant Christopher Austin did unlawfully and willfully steal [his]
1993 Ford Mustang automobile." Additionally, in his summary-judgment affidavit Burgard
unequivocally claimed that he believed Christopher Austin stole his car; he stated, "The thief was
Christopher Austin." Burgard in fact has not alleged that Brenda, James or James H. Austin actually
committed the theft. Because there exists no genuine issue of material fact about whether Brenda,
James or James H. Austin actually stole Burgard's car, the district court did not err in granting
summary judgment on the civil theft causes of action. 


Burgard's Claims of Civil Trespass Against Brenda, James and James H. Austin

 To be a trespasser, the person coming onto the land of another must be unauthorized
to do so. Murphy v. Fannin County Elec. Co-op, Inc., 957 S.W.2d 900, 904 (Tex. App.--Texarkana
1997, no pet.). The only unauthorized person Burgard has ever contended came onto his land was
Christopher Austin. In his summary-judgment affidavit, Burgard states that he believed the person
who walked onto his land and took his car was Christopher Austin. Because Burgard does not allege
that Brenda, James or James H. Austin trespassed on his land the district court did not err in granting
summary judgment in favor of them with regard to Burgard's claims of trespass. 


Burgard's Claims of Civil Conspiracy Against Christopher, Brenda, James and James H. Austin

 The essential elements of civil conspiracy are (1) two or more persons; (2) with an
object to be accomplished; (3) through a meeting of the minds to the object or course of action; (4)
consisting of one or more unlawful acts; and (5) from which damages to the plaintiff are the
proximate result. Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983). Civil conspiracy
requires a specific intent and the parties must be aware of the harm or wrongful conduct at the
inception of the combination or agreement. Triplex Communications Inc. v. Riley, 900 S.W.2d 716,
719 (Tex. 1995). Burgard has never alleged that Brenda, James or James H. Austin had any
knowledge before the fact that his car was to be stolen. It appears that Burgard is trying to raise a
civil conspiracy claim based on his allegation that Brenda, James and James H. Austin tried to place
the blame for the theft of Burgard's car on a person other than Christopher Austin. This does not
constitute a civil conspiracy. There has never been any allegation that any two of these people came
to a meeting of the minds to commit the unlawful act of theft before Burgard discovered his car
missing. Even taking all of Burgard's allegations as true, they do not raise a cause of action for civil
conspiracy. The district court did not err in granting summary judgment in favor of Brenda, James
and James H. Austin on the civil conspiracy claims. 


Burgard's Trespass To Try Title Action and Claim of Prescriptive Easement

 Burgard also brought a trespass to try title action claiming a prescriptive easement
across a portion of the Austins' property. He contended that he had the right to use a road that is
partially located on the Austins' property. 

 To burden a party's land with an easement by prescription, the plaintiff must show
that his use of the land was (1) open and notorious, (2) adverse to the owner's claim of right, (3)
exclusive, (4) uninterrupted, and (5) continuous for a period of ten years. Wiegand v. Riojas, 547
S.W.2d 287, 289 (Tex. Civ. App.--Austin 1977, no writ). Burdening another's property with a
prescriptive easement is not well-regarded in the law. (5) Id. 

 Burgard's witness, Jack Showacre, stated in his deposition that he used to own the
eleven acres north of the Austins' property. He had used the road at issue for many years before the
Austins moved there. As far as he knew, the road was always considered a road for everyone. In
Burgard's verified, amended motion for a temporary injunction, he stated that "[A]n additional
neighbor uses said ingress and egress to reach his property." Additionally, Burgard stated that he
used the alleged easement along with James and Brenda Austin. When a landowner and a claimant
of a prescriptive easement both use the same right of way, the claimant's use can neither be exclusive
nor adverse. Brooks v. Jones, 578 S.W.2d 669, 673 (Tex. 1979). 

 We hold that the summary-judgment proof established that Burgard's use of the
easement that crossed the Austin's property was not adverse to the Austins' interests. The district
court did not err in granting summary judgment on Burgard's trespass to try title action. 


Burgard's Claims of Intentional Infliction of Emotional Distress by Brenda, James and James
H. Austin


 The remaining cause of action for us to review is Burgard's claim of intentional
infliction of emotional distress. The elements of intentional infliction of emotional distress are
(1) the defendants acted intentionally or recklessly; (2) the conduct was extreme or outrageous; (3)
the defendants' actions caused the plaintiff emotional distress; and (4) the emotional distress that the
plaintiff suffered was severe. GTE Southwest, Inc. v. Bruce, 998 S.W.2d 605, 611 (Tex. 1999);
Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993). In their motion for summary judgment, the
Austins claimed that there was no evidence that they did anything by act or omission that would give
rise to a claim for intentional infliction of emotional distress. Because the Austins rely solely on no-evidence grounds in their motion for summary judgment to support the court's disposition of this
cause of action, we will first review Burgard's issue contending that the district court allowed
inadequate time for discovery before rendering summary judgment based on no-evidence grounds. 

 After an adequate time for discovery, a party may move for summary judgment on
the ground that there is no evidence of one or more essential elements of a claim on which an
adverse party would have the burden of proof. Tex. R. Civ. P. 166a(i). Unlike a traditional summary
judgment, the movant in a no-evidence motion for summary judgment does not bear the burden of
establishing each element of his own claim. See Grant v. Southwestern Elec. Power Co., 20 S.W.3d
764, 772-73 (Tex. App.--Texarkana 2000, pet. granted). Instead, the non-movant has the burden
of presenting evidence raising a fact issue on the challenged elements. See id. We view the proof
in the light most favorable to the non-movant, disregarding all contrary proof and inferences. See
Merrill Dow Pharm. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). If the non-movant presents more
than a scintilla of probative evidence to raise a genuine issue of material fact, it is improper to grant
a no-evidence motion for summary judgment. See Moore v. Kmart Corp., 981 S.W.2d 266, 269
(Tex. App.--San Antonio 1998, pet. denied); Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70-71
(Tex. App.--Austin 1998, no pet.). More than a scintilla of evidence exists when the evidence "rises
to a level that would enable reasonable and fair-minded people to differ in their conclusions." See
Havner, 953 S.W.2d at 711. 

 When a party contends that he has not had an adequate time for discovery before a
summary judgment hearing, he must file either an affidavit explaining the need for further discovery
or a verified motion for continuance. Tex. R. Civ. P. 166a(g); 251, 252; Tenneco Inc. v. Enterprise
Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996). Burgard did not file a verified motion for
continuance or explain in his affidavit attached to his response to the summary-judgment motion his
need for more time by describing the evidence he would have sought and explain its materiality, or
show that he used due diligence in attempting to obtain the evidence. See Tex. R. Civ. P. 252, Tex.
Dep't of Human Servs. v. Green, 855 S.W.2d 136, 147 (Tex. App.--Austin 1993, writ denied). 
Burgard, therefore, has waived his contention that the district court allowed an inadequate time for
discovery. See RHS Interests, Inc. v. 2727 Kirby Ltd., 994 S.W.2d 895, 897 (Tex. App.--Houston
[1st Dist.] 1999, no pet.) (on appeal summary-judgment non-movant raised issue of inadequate time
for discovery after case on file for three months but non-movant did not file affidavit or verified
motion for continuance in trial court; appellate court held question whether inadequate time allowed
for discovery waived).

 Nevertheless, assuming Burgard did not waive this issue, discovery need not be
completed before a court grants a no-evidence summary judgment, however, there must have been
an adequate time for discovery. Specialty Retailers, Inc. v. Fuqua, 29 S.W.3d 140, 145 ( Tex.
App.--Houston [14th Dist.] 2000, pet. denied). Whether a non-movant has had an adequate time
for discovery for purposes of Rule 166a(i) is case specific. TemPay, Inc. v. TNT Concrete &
Construction, Inc., 37 S.W.3d 517, 522 (Tex. App.--Austin 2001, pet. denied) (citing McClure v.
Attebury, 20 S.W.3d 722, 729 (Tex. App.--Amarillo 1999, no pet.)). Although some lawsuits that
present only questions of law may require no or minimal discovery, other actions may require
extensive discovery. Id. An adequate time for discovery is determined by the nature of the cause
of action, the nature of the evidence necessary to controvert the no-evidence motion, and the length
of time the case has been active in the trial court. Id. (citing Specialty Retailers, Inc., 29 S.W.3d
at 145). A court may also consider the amount of time the no-evidence motion has been on file and
the discovery that has occurred. Id. Furthermore, a party should not be able to abuse the discovery
process by withholding key evidence from its opponents, and then use that lack of evidence to win
a judgment. Id. 

 On July 24, 2000, Burgard filed his original petition. The district court did not order
a discovery period in this case. On October 27, the Austins moved for summary judgment. On
November 20, the district court heard the motion and signed the summary judgment. Given the
nature of Burgard's claim and the elements of intentional infliction of emotional distress, Burgard
should have been able to produce evidence supporting each element relatively easily, if it existed. 
The parties had exchanged written discovery and Burgard had taken two depositions well before the
district court held the hearing on the Austins' summary-judgment motion. Based on the nature of
Burgard's claim for intentional infliction of emotional distress and the discovery that had occurred,
we hold that the timing of the district court's grant of the summary judgment was not improper. 
Burgard's contention that the district court allowed an inadequate amount of time for discovery is
overruled. 

 Finally, we determine whether summary judgment was properly granted regarding
Burgard's cause of action for intentional infliction of emotional distress. Burgard contends that his
summary-judgment affidavit raises a material issue of fact regarding this cause of action. 

 First we address Burgard's claim of intentional infliction of emotional distress against 
James H. Austin. Burgard has not alleged or provided evidence that James H. Austin intentionally
or recklessly committed any act against Burgard that caused him severe distress. The affidavit
Burgard produced in response to the Austins' motion for summary judgment and which Burgard
contends supports his claim for intentional infliction of emotional distress contains no mention of
James H. Austin. We hold that the district court did not err in granting summary judgment in favor
of James H. Austin on Burgard's claim of intentional infliction of emotional distress. 

 Next we review whether Burgard has raised an issue of fact regarding his claim that
Brenda and James Austin caused him emotional distress. In reviewing the summary-judgment proof
we conclude that Burgard failed to show that Brenda or James acted intentionally or recklessly. 
Viewing Burgard's affidavit most favorably to his claim, he seems to allege that Brenda and James
might have somehow been negligent in supervising their adult son Christopher. Burgard however
does not assert a negligence cause of action against them. Additionally, Burgard has provided no
evidence that any conduct by Brenda or James Austin was extreme or outrageous. Finally, Burgard
was required to show that an issue of fact existed about whether Brenda and James caused Burgard
to suffer severe emotional distress. We hold that Burgard has not provided any evidence that Brenda
and James caused his emotional distress. While Burgard has indeed alleged that he is distressed, this
falls far short of severe emotional distress that is "so extreme that no reasonable [person] could be
expected to endure it without undergoing unreasonable suffering." Tidelands Auto. Club v. Walters,
699 S.W.2d 939, 941 (Tex. App.--Beaumont 1985, writ ref'd n.r.e.). 

 We hold that the district court did not err in granting summary judgment in favor of
Brenda, James and James H. Austin on Burgard's allegation of intentional infliction of emotional
distress. 




Conclusion


 We overrule Burgard's issues and hold that the district court did not err in granting
summary judgment. The judgment is affirmed.



 

 David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: June 29, 2001

Do Not Publish
1.    As a preliminary matter, we note that Burgard is proceeding pro se on appeal. The brief he
tendered does not comply with the briefing rules as several points of error contain no citations to
authority nor record references. Tex. R. App. P. 38.1(h). Pro se representation does not excuse an
appellant from complying with applicable rules of procedure: "Neither is it [the right of self-representation] a license not to comply with the relevant rules of procedural and substantive law." 
Faretta v. California, 422 U.S. 806, 834 n.46 (1975). As stated by the Texas Supreme Court:


There cannot be two sets of procedural rules, one for litigants with counsel and the
other for litigants representing themselves. Litigants who represent themselves must
comply with the applicable procedural rules, or else they would be given an unfair
advantage over litigants represented by counsel.


Mansfield State Bank v. Cohen, 573 S.W.2d 181, 184-85 (Tex. 1978); Chandler v. Chandler, 991
S.W.2d 367, 378-79 (Tex. App.--El Paso 1999, pet. denied), cert. denied, 120 S.Ct. 1557 (April 3,
2000). 
2.    Burgard's claims against Christopher Austin that were not disposed of by the summary
judgment included actions for theft, trespass, and intentional infliction of emotional distress
.
3.    We will refer to the elder James Austin as James H. Austin. 
4.    We note that the unexcused violation of a penal statute may constitute negligence per se. See
Chapa v. Club Corp. of Am., 737 S.W.2d 427, 429 (Tex. App.--Austin 1987, no writ) (citing
Murray v. O&A Express, Inc., 630 S.W.2d 633, 636 (Tex. 1982)). Unlike the plaintiffs in Chapa
and Murray, however, Burgard does not allege that Brenda, James or James H. Austin were
negligent. 
5.    The land records submitted by the Austins as summary-judgment proof reflect that Burgard
has a recorded, express easement, separate and apart from the alleged prescriptive easement which
gives him the ability to enter and leave his property without any interference with the Austins'
property. 



the summary-judgment proof
we conclude that Burgard failed to show that Brenda or James acted intentionally or recklessly. 
Viewing Burgard's affidavit most favorably to his claim, he seems to allege that Brenda and James
might have somehow been negligent in supervising their adult son Christopher. Burgard however
does not assert a negligence cause of action against them. Additionally, Burgard has provided no
evidence that any conduct by Brenda or James Austin was extreme or outrageous. Finally, Burgard
was required to show that an issue of fact existed about whether Brenda and James caused Burgard
to suffer severe emotional distress. We hold that Burgard has not provi